MR. JUSTICE DAY
delivered the opinion of the Court.
In this original proceeding, C.A.R. 21, petitioner Curtis, Inc., seeks a writ of mandamus directing respondent court: (1) to issue a protective order pursuant to C.R.C.P. 26(c)(7) and C.R.C.P. 30(d); and (2) to grant a motion for inspection and copying of certain documents described as logs and record-keeping systems sought pursuant to C.R.C.P. 34. We issued an order to show cause why requested relief should *229 not be granted, and the parties have briefed the respective issues. As to the protective order, we make the rule absolute, though only as approved herein. The rule requiring the requested inspection of documents is also made absolute.
On November 17, 1972, the petitioner filed an action in respondent court; the named defendants were Columbine Carriers and Kenneth D. Rudy, who like petitioner are in the trucking business. The basis for the complaint was the allegation that defendants had appropriated petitioner’s record keeping and truck log methods — a system that petitioner alleges it developed at great cost and effort, and thus was a trade secret. A temporary injunction was sought and was issued and still remains in effect. Trial on the question of damages and permanent injunction is pending. After defendants filed an answer, discovery was initiated. Two aspects of that discovery are at issue here.
I.
PROTECTIVE ORDERS
Petitioner filed a motion for protective orders, alleging that trade secrets in its possession had been sought, or would be sought by the defendants. Set out in the request were the following security measures:
“1. That these proceedings be had in camera, and that the public be excluded from these proceedings.
“2. That the record of the evidence in this hearing be sealed and made available only to counsel upon order of court.
“3. That defendants be prohibited from copying or otherwise reproducing plaintiffs documentary evidence.
“4. That defendants be prohibited, until further order of the court, from disclosing, except to defendants’ attorneys, the contents of any papers or documents, or any testimony given by plaintiff’s witnesses which relate to plaintiffs trade secrets and confidential internal matters.
“5. That each and every person permitted in the courtroom during these proceedings be sworn to secrecy as to the plaintiff’s trade secrets and confidential information which may be presented during the course of this hearing.
“6. That except for one advisory witness for each party all *230 witnesses be excluded from these proceedings except when actually giving testimony.”
Respondent ultimately denied petitioner this relief and ordered pretrial discovery to proceed without benefit of any protection.
 At the outset, we note that matters relating to pretrial discovery are ordinarily reviewable only by appeal and not in an original proceeding. In a proper case, however, a writ of mandamus will issue to insure the full observance of the rules of civil procedure. It must be shown that the damage to petitioner cannot be cured by appeal, Lucas v. District Court, 140 Colo. 510, 345 P.2d 1064 (1959); McCoy v. District Court, 126 Colo. 32, 246 P.2d 619 (1952), and that judicial discretion has been abused. Both requirements are met here.
Under C.R.C.P. 26(c)(7), the trial court is authorized to issue a protective order upon a showing of good cause that a trade secret or other confidential commercial information will be disclosed without benefit of such order. The rule itself does not bar disclosure of trade secrets, but permits the trial court to grant disclosure “in a designated way.” Similarly, C.R.C.P. 30(d) permits trial courts to limit examination of those whose depositions are to be taken prior to trial. Taken together, these rules establish that a party desiring to protect trade secrets is entitled to a protective order upon a showing of good cause. What constitutes good cause for a protective order is a matter to be decided on the basis of the facts of each particular case. 4 J. Moore, Federal Practice, ¶ 26.68 (2d ed. 1973).
There is no absolute right to hide the nature or existence of trade secrets from an opposing party, Natta v. Zletz, 405 F.2d 99 (7th Cir. 1968), and the test of whether good cause exists in a particular case is largely determined by balancing the need to limit the exposure of the secret against the need of the opposing party to have knowledge of the nature of the secret. 4 J. Moore, Federal Practice ¶ 26.60(4) (2d ed. 1973); id, ¶ 26.68.
In this case, the conflict of the parties’ interests is obvious. Petitioner is entitled to protect its trade secrets from *231 unnecessary disclosure, and the defendants need to know the exact nature of the trade secrets in order to adequately defend on the charge that they have stolen such secrets. While one cannot defend a suit if he does not know what he has damaged, it also would be folly to commence a suit to protect a thing that will be lost by that suit. Reasonable measures must be taken to insure the protection of both interests.
Looking then to the requested protective orders, we hold that good cause was shown for the granting of all but one of the limitations on public exposure. Without these limitations, we perceive of no method which would insure that petitioner’s trade secrets remain as secret as the circumstances allow. Still, the defendant will receive the information necessary for a full defense on the merits. See State ex rel. Ampco Metal, Inc. v. O’Neill, 273 Wis. 530, 78 N.W.2d 921 (1956).
The one exception to our holding is the requested limitation Number 3 to prohibit defendant from copying or reproducing petitioner’s documentary evidence. Simply put, such limitation goes far beyond what our view of discoveiy requires, 4 J. Moore, Federal Practice ¶ 26.78 (2d ed. 1973), and flies in the face of that aspect of C.R.C.P. 34 which specifically authorizes such copying. Thus, the request was unreasonable.
Respondent contends, however, that the proviso for exclusion of the public would violate the mandate of C.R.C.P. 42(c) relating to public sessions of court.
We do not agree with the argument. The distinctive character of this trial, involving as it does trade secrets where public dissemination could injure petitioner, places it firmly within the provision which authorizes closed trials “when required by orderly procedure.” This is the only orderly procedure available; otherwise, the trade secrets owned by petitioner would be forever lost. Accordingly, with the exception of the requested prohibition against the copying of petitioner’s documentary evidence, the rule is made absolute.
II.
On January 26, 1973, petitioner filed a subpoena duces *232 tecum, C.R.C.P. 45, requesting that the following items be made available:
“All personnel records of Columbine Carriers, including but not limited to the individual files for each employee and copies of all tax or other reports filed with any governmental body with respect to each such employee, the complete file on each application for permit or authority which Columbine Carriers has made or caused to be made, whether the same is now pending, contemplated, granted or denied. All bank records, general ledgers, accounts payable ledgers and accounts receivable ledgers, and every record, including can-celled checks, which shows the income of Columbine Carriers, the expenditures of Columbine Carriers and the financial condition of Columbine Carriers since its inception. Columbine Carrier’s claims register and all files related to claims; all of Columbine Carrier’s trip settlement sheets and the documents, including logs, maps and charts, books and manuals and forms, check-out and check-in reports, loading sheets and bills of lading, and all other written or printed material, including road and fuel tax reports, trip permits and licensing forms, which were used in any way to figure such trip settlement sheets. All files pertaining to licensing of vehicles leased to Columbine Carriers. Copies of all forms, blanks, books, maps, logs, registers, worksheets, manuals and other written, printed or otherwise duplicated matter which Columbine Carriers now uses or has ever used in its records keeping, together with any instructions for the use of such matter as Columbine Carriers has or has had in written or printed form.”
Though defendants apparently never filed a motion to quash the subpoena, a dispute arose and the subpoena was not complied with. Thereafter, petitioner filed a motion regarding discovery, again outlining the specific items it needed to inspect for the presentation of its case and proposing a reciprocal procedure available to both parties which would allow two persons representing each side to come on the premises of the opposing party and view and copy the logs and record-keeping systems of the other. Under *233 the motion, safeguards would have been established to insure that the release of the information would only be to the parties. The court denied the motion.
C.R.C.P. 34 permits a party to request permission to inspect designated documents, or to copy, test or sample any tangible things which constitute or contain matters within the scope of C.R.C.P. 26. The court apparently sided with defendants’ contention that the documents to be inspected were not sufficiently detailed. In light of the prior subpoena which detailed those items, we do not agree. This is not a fishing expedition, and petitioner has designated those items sought to be discovered with sufficient specificity. The designated documents and papers may baffle those unacquainted with the trucking industry, but probably are quite clear to those of that industry. If not, a clarification may be in order, but outright refusal to comply with the subpoena is not.
Our reading of the record indicates that the court desired that petitoner make out a prima facie case prior to granting discovery. This requirement is not imposed by C.R.C.P. 34 and contradicts the broader policy of the rules that all conflicts should be resolved in favor of discovery. In short, there is no basis for the imposition of such a burden and judicial discretion was therefore abused. Any burden that exists should be placed on those opposing discovery.
The rule is made absolute.