## No. 27708

**Chicago Cutlery Company, an Illinois corporation, and Chicago Cutlery Consumer Products, Inc., an Illinois corporation v. The District Court in and for the Second Judicial District of the State of Colorado, and the Honorable Joseph R. Quinn, one of the Judges thereof**

(568 P.2d 464)

Decided September 6, 1977.

Weller, Friedrich, Hickisch and Hazlitt, William H. Hazlitt, J. Mark Smith, for petitioners.

Benedetti, Opperman, Martinez & Kokish, P.C., John Kokish, John R. Vranesic, for respondents.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21, in which the petitioners seek a writ of prohibition to prevent the respondent District Court from allowing discovery of certain customer lists. We issued a rule to show cause why the requested relief should not be granted. We now discharge the rule.

The district court action from which the petition at issue arose is a suit for damages based on theories of negligence, breach of implied warranty, and strict liability. The plaintiffs, meat cutters at a packing plant, allege that their use of boning knives manufactured by the defendants (petitioners here) has caused the plaintiffs to develop a crippling hand condition known as carpal tunnel syndrome. Trial on these claims is pending.

The plaintiffs sought, through interrogatories, to discover the names and addresses of the petitioners' wholesale customers, including distributors, packing houses, and others. Their stated purpose is to seek information regarding similar injuries to other persons who have used the petitioner's knives under similar conditions. Plaintiffs hoped to employ that information to prove that their injuries had been caused by the boning knives rather than by the plaintiffs' personal susceptibilities to harm. The trial court issued an order allowing limited discovery of the petitioners' customer lists during the years 1970 through 1975.

We note at the outset that matters relating to pretrial discovery are ordinarily within the trial court's discretion and are reviewable only by appeal rather than in an original proceeding. In special circumstances, however, if it is shown that judicial discretion has been grossly abused and that damage to the petitioners could not be cured by appeal, an original writ in nature of prohibition may issue. *See Curtis, Inc. v. District Court*, 186 Colo. 226, 526 P.2d 1335 (1974). Here, however, those conditions have not been shown.

Discovery issues often require the trial court to balance a litigant's interest in obtaining information against the burden that would be imposed on his opponent by being forced to provide it. In such matters, the trial judge's discretion is very broad. *See e.g., Richards of Rockford, Inc. v. Pacific Gas & Electric Co.*, 71 F.R.D. 388 (N.D. Cal. 1976). There is no indication in this case that the trial court abused that discretion.

Unprivileged information is discoverable if it is "relevant to the subject matter of the pending action." C.R.C.P. 26(b)(1). It need not be admissible evidence, but only need be "reasonably calculated to lead to the discovery of admissible evidence." The discovery of customer lists depends on the particular circumstances of each case. The customer lists sought here clearly fall within the category of discoverable information. As the plaintiffs have asserted, and the trial court has found, the lists are reasonably calculated to lead to the discovery of other persons who have used defendants' knives and have incurred injuries similar to the plaintiffs' injuries. *See, e.g., Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D. Mass. 1976); *Bowen v. Whitehall Laboratories, Inc.*, 41 F.R.D. 359 (S.D. N.Y. 1966); *Frey v. Chrysler Corp.*, 41 F.R.D. 174 (W.D. Pa. 1966); *Farnum v. Bristol-Myers Co.*, 107 N.H. 165, 219 A.2d 277 (1966).

Nor has there been a showing that the trial court abused its discretion in holding that the plaintiffs' need for the customer lists outweighed the potential harm to the petitioners' business reputation. It is not our role in an original proceeding of this nature to substitute our judgment for that of the trial court. Thus, given that the trial court considered the petitioners' objections and reduced the petitioners' burden by limiting discovery to

records relating to a time shorter than the plaintiffs requested, we cannot say that further restrictions on discovery were mandated. The petitioners have presented no evidence or persuasive argument, for example, that their customers' names are confidential or that the petitioners have a special interest in preventing exposure of the customer lists to the plaintiffs. *Cf. McCann Construction Specialties Co. v. Bosman*, 44 Ill. App.3d 1020, 3 Ill. Dec. 655, 358 N.E.2d 1340 (1977); *Abbott Laboratories v. Norse Chemical Corp.*, 33 Wis.2d 445, 147 N.W.2d 529 (1967).

In sum, the circumstances indicate that the trial court meticulously followed the directives of the Colorado Rules of Civil Procedure and carefully weighed the parties' competing interests before issuing an order which took those interests into account. Nothing presented by the briefs indicates that the trial court abused its broad discretion in allowing or denying discovery; hence we will not disturb that ruling.

The rule is discharged.