573 P.2d 553 (1978)
Eckley PHILLIPS and Melva Phillips, Petitioners,
v.
The DISTRICT COURT IN AND FOR the SECOND JUDICIAL DISTRICT of the State of Colorado, and the Honorable Zita L. Weinshienk, One of the Judges Thereof, Respondents.
No. 27808.
Supreme Court of Colorado, En Banc.
January 16, 1978.
*554 Grant, McHendrie, Haines & Crouse, P.C., John G. Salmon, David A. Bottger, Denver, for petitioners.
Zita L. Weinshienk, pro se.
Walberg & Pryor, Thomas L. Roberts, Johnson & Mahoney, P. C., Dale S. Carpenter III, Denver, for respondents.
PRINGLE, Chief Justice.
This is an original proceeding under C.A.R. 21, in which the petitioners seek a writ of prohibition to prevent the respondent district court from allowing discovery of certain expert medical reports written by the following physicians: Dr. John Sanidas, Dr. Lazarus Orkin, and Dr. Wagner Schorr. We issued a rule to show cause why the requested relief should not be granted. We now make the rule absolute as to the report of Dr. Sanidas and discharge the rule as to the reports of the remaining two physicians.
Petitioners in this proceeding are plaintiffs in a medical malpractice action in which they allege that plaintiff Eckley Phillips lost a kidney due to negligent treatment by defendants Drs. Green and Waggener.
*555 On August 26, 1977, a hearing was held on the combined motion of the defendants seeking an order to produce medical reports prepared by Drs. Sanidas, Orkin, and Schorr. Previous to this point in time, plaintiffs and defendants had freely exchanged the reports of numerous medical experts the parties had employed to aid in preparation of their respective cases. In addition, as to Drs. Orkin and Schorr, whom the plaintiffs intended to call at trial, defendants were provided, pursuant to C.R.C.P. 26(b)(4)(A)(i), with a written notice of the nature and substance of the testimony each was expected to give. Dr. Sanidas was previously listed as an expert witness but his name was withdrawn from the list prior to the issuance of a final pretrial order. At the conclusion of the hearing, the district court judge ruled that plaintiffs must deliver to defendants all written reports prepared by plaintiffs' expert medical witnesses and consultants.
Initially, we note that matters relating to pretrial discovery are ordinarily within the trial court's discretion and are reviewable only by appeal rather than in an original proceeding. Chicago Cutlery Company v. District Court, Colo., 568 P.2d 464 (1977). However, where a gross abuse of discretion is shown and damage to the petitioners could not be cured by appeal, an original writ in the nature of prohibition may issue. See, Curtis, Inc. v. District Court, 186 Colo. 226, 526 P.2d 1335 (1974). We believe these conditions to be present here, at least with respect to that portion of the district court's ruling concerning the report of Dr. Sanidas.
Reports of Drs. Orkin and Schorr
The range of discovery in Colorado is quite broad and we have pointed out that discovery rules are to be liberally interpreted in order "to effectuate the full extent of their truth-seeking purpose." Cameron v. District Court, Colo., 565 P.2d 925, 928 (1977). In this context, it is axiomatic that a trial court enjoys a broad discretion with regard to resolution of motions pursuant to state and local rules of discovery. It is with these principles in mind that we must review the order of the district court in the instant case.
Plaintiffs have indicated that they intend to call Drs. Orkin and Schorr to testify as experts in their malpractice action against the defendants. This being the case, the disclosure of the reports which these doctors have prepared, is governed by the provisions of C.R.C.P. 26(b)(4)(A):
"(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subsection (b)(1) of this Rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subparagraph (b)(4)(C) of this Rule, concerning fees and expenses as the court may deem appropriate;" (Emphasis added)
Plaintiffs have complied with part (i) of this subsection. However, while the rule permits the court to order further discovery by other means, plaintiffs argue that the district court in ordering them to surrender the reports of Drs. Orkin and Schorr went beyond the scope of the rule and abused its discretion. In support, plaintiffs urge that the "substantial need" requirement for discovery under Rule 26(b)(3) also applies to reports prepared by experts under 26(b)(4). Interpreting this rule in a manner consistent with the need for liberal discovery, we are unable to conclude that the trial court's discretion under 26(b)(4)(A)(ii) is limited by the "substantial need" requirement.
The provisions for discovery of trial preparation materials under Rule 26(b)(3) *556 are made specifically subject to the provisions of Rule 26(b)(4). Thus, the "substantial need" requirement for discovery of trial preparation materials in general is subject to differing standards which have been adopted for materials prepared by experts specifically. With respect to experts who will not testify, one must show "exceptional circumstances." C.R.C.P. 26(b)(4)(B). As to experts who will testify, the policy of the rule favors discovery, but the decision is ultimately left to the sound discretion of the trial court. C.R.C.P. 26(b)(4)(A). This in itself suggests a standard separate and distinct from that imposed in 26(b)(3). Of course, the trial court's discretion is not completely unfettered; the standards which normally guide appellate courts in determining whether there has been an abuse of discretion are equally applicable in this situation. There is, however, no reason, in the context of 26(b)(4), to impose the additional requirement of "substantial need." Therefore, we find no abuse of discretion in the court's ordering the reports of Drs. Orkin and Schorr to be discoverable under C.R.C.P. 26(b)(4)(A).
We also find plaintiffs' contention that these reports are "privileged" under Rule 26(b)(3) to be without merit.
Report of Dr. Sanidas
Dr. Sanidas was initially listed by the plaintiffs as a witness but was later withdrawn prior to the issuance of a final pretrial order. Defendants nonetheless urge that he should be treated as an expert whose report is subject to discovery under C.R.C.P. 26(b)(4)(A)(ii). While we do not condone plaintiffs' delay in removing Dr. Sanidas from their witness list, the fact remains that he will not testify.[1] Thus, there is no need for the expanded discovery permitted by Rule 26(b)(4)(A). As observed in the Advisory Committee's Note of 1970 to Amended Subdivision (b) of Rule 26, appearing in 4 Moore's Federal Practice, ¶ 26.01[18], pages 26-50, explaining the purpose of Rule 26(b)(4)(A):
"Effective cross examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand."
These considerations do not apply to an expert who will not testify at trial, whether listed in the past as a potential witness or not. Discovery of Dr. Sanidas' report is therefore governed by the provisions of C.R.C.P. 26(b)(4)(B).
Rule 26(b)(4)(B) provides:
"(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means;"
No showing of exceptional circumstances as defined in the rule has been made in this case; nor does it appear that Dr. Sanidas' report is discoverable under Rule 35(b).[2] *557 While Dr. Sanidas may have examined the plaintiff Eckley Phillips at some time in the past, the examination was not "of the same condition" as required by the rule. The trial court erred in requiring production of Dr. Sanidas' report.
Rule made absolute in part and discharged in part.
NOTES
[1] We note that if an expert is listed as a witness at the time a party is ordered by the court to produce his report, the party could not refuse on the basis that he might later withdraw the expert. At the time of the court hearing in this case, plaintiffs had already removed Dr. Sanidas from their list. See, Bailey v. Meister Brau, Inc., 57 F.R.D. 11 (N.D.Ill.1972).
[2] "(b) Report of Examining Physician.

(1) If requested by the party against whom an order is made under section (2) of this Rule or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnoses, and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that he is unable to obtain it. The court on motion may make an order against the party requiring delivery of a report on such terms as are just, and if a physician fails or refuses to make a report the court may exclude his testimony if offered at the trial.
(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition." (Emphasis added.)