## No. 28150

**Raymond C. Seymour and Chrystie Seymour v. The District Court in and for El Paso County, Colorado in the Fourth Judicial District, and the Honorable Robert W. Johnson, one of the Judges thereof**

(580 P.2d 302)

Decided July 17, 1978.

---

William H. Kirkman, Jr., John B. Henley, for petitioners.

Kane, Donley & Wills, Lee Wills, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

In this original proceeding, the petitioners seek a writ in the nature of mandamus to compel the respondent court to order a witness to answer a question propounded by petitioner's counsel at a deposition taken for the purpose of discovery. The respondent court denied the petitioners'

(plaintiffs') motion to require the witness to answer. The witness refused to answer the question on instruction from one of the defendant's attorneys. We conclude that the respondent court abused its discretion in not granting the petitioners' motion under the facts of this case. We therefore make the rule absolute.

This matter arises out of a civil action against several physicians and a hospital for damages caused by alleged acts of negligence. The action against the hospital is premised on alleged acts of negligence by its nurse employees.

The allegations of the complaint are summarized as follows: Plaintiff Raymond C. Seymour was admitted to the hospital on doctor's orders. At the time of admission, his vital signs were elevated and he exhibited symptoms of intracranial pressure. Over an 18-hour period, his condition deteriorated and he became comatose. He was not seen by a physician at the time of admission. The nursing staff did not monitor this vital signs and no physician was contacted about the patient during this period. This plaintiff was seen by a physician on the morning following the day of his admission and at that time was found to have acute menigitis and was in critical condition. Treatment was commenced immediately, and he recovered but now suffers from residual brain atrophy.

For discovery purposes, attorneys for the plaintiffs took the deposition of Gloria Haughton pursuant to C.R.C.P. 30. On the date of the alleged acts of negligence and at the time of the deposition, Mrs. Haughton was the Director of Nursing Services at the defendant hospital. She testified that in this capacity she participated in the formulation of nursing policies and procedures used at the hospital. Certain printed exhibits relating to hospital policies and procedures were identified as being in effect on the date of the alleged acts of negligence.

During the course of the deposition, counsel for the plaintiffs asked a question relating to the standards of nursing care in effect at the defendant hospital when the alleged acts of negligence took place. Counsel for the defendant hospital objected and instructed the witness not to answer the question, and the witness complied. As shown from the transcript of the deposition, the objection to the question was that "it is too broad" and that it needs to be "more clearly defined." Counsel for the plaintiffs thereupon terminated this line of questioning and requested that the question be certified to the respondent court.

Promptly thereafter, counsel for the plaintiffs filed a motion in the respondent court for an order compelling the witness to answer the certified question and related questions. The respondent court conducted a hearing on this motion and thereafter, without making any findings of fact, denied the motion.

The question involved does not elicit any privileged material as mentioned in C.R.C.P. 26(b)(1), nor is there any claim by the hospital's

attorney that the examination of this witness came within the purview of C.R.C.P. 30(d).

■ C.R.C.P. 1 mandates that rules of civil procedure be liberally construed to secure the just, speedy and inexpensive determination of every action. Discovery procedures and depositions whose purpose is to secure information relevant to the subject matter of an action must be allowed to proceed without interruption or obstruction. *Lucas v. District Court,* 140 Colo. 510, 345 P.2d 1064 (1959). In the case at bar, the question propounded sought information regarding hospital policies and procedures concerning the duties and responsibilities of nurses. The objection that a proper foundation had not been laid for the question, that the question was formulated poorly, or that it sought evidence which would not be admissible at trial, is not a proper basis for obtaining a protective order from a trial court under the rules of civil procedure concerning the conduct of a deposition. If there was no basis for a protective order as to this question, then there was also no basis for the respondent court to allow this witness to refuse to answer the question propounded.

Here, the respondent court effectively precluded further discovery concerning information which, regardless of its admissibility at trial, was reasonably calculated to lead to the discovery of admissible evidence. The very purpose of C.R.C.P. 26(b)(1) is to permit the discovery of material regardless of its admissibility at trial. *Chicago Cutlery Co. v. District Court,* 194 Colo. 10, 568 P.2d 464 (1977). Furthermore, should the deposition eventually be used at trial, the rules allow a party to preserve his objection for trial by simply objecting to the wording of the question at the time the deposition is taken. *See* C.R.C.P. 32(b) and 32(d)(3)(B).

■ On behalf of the respondent, it is argued that matters relating to pretrial discovery are within the trial court's discretion and are therefore reviewable only by appeal rather than on original proceeding. We, however, hold that in certain circumstances, such as shown here, where judicial discretion has been abused and the damage to a party could not be cured on appeal, an original writ in the nature of mandamus is a proper remedy. *Lucas v. District Court, supra.*

■ We order that the respondent district court vacate its denial of the petitioner's motion, and that it grant the motion, thus compelling an answer to the question involved and related questions.

Rule made absolute.

MR. JUSTICE GROVES does not participate.