### No. 79SA144

**Theresa W. Mayer v. District Court in and for the County of Arapahoe and Richard D. Greene, a Judge of said Court**

(597 P.2d 577)

Decided July 16, 1979.

200

Dawson, Nagel, Sherman & Howard, Michael A. Williams, William L. Hunnicutt, for petitioner.

Robert Bugdanowitz, P.C., Frederick Epstein, for respondents.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This original proceeding arises out of a dissolution of marriage action between Theresa Mayer (petitioner or wife) and Leonard Mayer (husband). The respondent court denied the petitioner's pretrial motion requesting temporary attorneys' fees and costs. The court also denied motions to discover evidence of the current values of separate and marital assets and related facts. Petitioner contends that the respondent court abused its discretion in those rulings. We issued a rule to show cause and now make the rule absolute as to the discovery sought but discharge the rule as to attorneys' fees.

The husband petitioned for dissolution of marriage in July, 1976. In the spring of 1977, the wife, upon the husband's petition, was involuntarily committed to a mental institution. The dissolution decree was granted in July, 1977, while the wife was committed, and the husband had exclusive control and management of the marital property and of its income. He has retained that control since.

On July 15, 1977, a decree was entered dissolving the marriage. At that time the court deferred for future hearing all pending motions regarding division of property, maintenance, attorneys' fees, expenses and costs.

At all times since the dissolution decree, the husband has had exclusive control and use of virtually all of the very substantial marital assets. By stipulation of the parties the wife has received, since the action was commenced in July, 1976, $5,000 for temporary attorneys' fees. Her attorneys' fees exceeded that amount prior to the dissolution in July, 1977. The wife also received from the husband monthly maintenance payments of $2,000 which were increased in January, 1979, to $4,000.

The hearing on final orders was set for April, 1979. After hearing motions, the respondent court denied the petitioner's motion that she be permitted to introduce evidence regarding the current value of assets which derived from the marital estate as it existed on the date the marriage was dissolved. The court ordered the husband to answer or object to all outstanding interrogatories, but provided that in answering interrogatories and deposition questions he need not reveal any information regarding the value of assets at any date subsequent to dissolution of the marriage. The court also denied the wife's motion to require the husband to bring current through March, 1979, and submit for her inspection, his records by which he accounts for income and expenditures. The court reserved, until the property division hearing, ruling upon whether the petitioner would be permitted to introduce evidence regarding the husband's management and use of marital estate assets from the date the dissolution petition was filed through the date of the property hearing. Finally, the wife's motion for temporary attorneys' fees and costs was denied.

## I. *THE DISCOVERY RULINGS.*

A party is entitled to discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending

action. . . ." C.R.C.P. 26(b)(1). Even information not admissible in evidence is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Ibid.* Ordinarily, pretrial discovery rulings are within the broad discretion of the trial court. *Phillips v. District Court,* 194 Colo. 455, 573 P.2d 553, 555 (1978). But "a writ of mandamus will issue to insure the full observance of the rules of civil procedure, . . ."[1] upon a showing that "judicial discretion has been abused and that damage to the party could not be corrected on appeal." *Seymour v. District Court,* 196 Colo. 102, 581 P.2d 302, 304 (1978).

By refusing to grant discovery that was "reasonably calculated to lead . . . to admissible evidence," the district judge in effect refused to enforce the plain mandate of Rule 26(b)(1). Thus the issue is whether this deviation by the trial court from the normal rule amounted to an abuse of discretion serious enough to invoke this court's mandamus power.

■ Evidence concerning the post-dissolution value and use of assets, various reinvestments derived from those assets, and the husband's income and expenditures — albeit possibly inadmissible in evidence — clearly was "reasonably calculated" to lead to the discovery of admissible evidence. Furthermore, the statutes require the court to consider "(t)he economic circumstances of each spouse at the time the division of property is to become effective,"[2] and to ascertain the "value of the property set apart to each spouse"[3] in making a fair division of marital property.

The petitioner sought to discover evidence of the husband's current "economic circumstances" and to obtain information to be used in contesting the husband's separate property claims. Without such evidence, the district court may not be able to fulfill its statutory mandate to consider the respective "economic circumstances" of the spouses and the value of their separate properties.

More importantly, the trial court's refusal to permit discovery of the husband's post-dissolution income, expenditures and assets has impaired or precluded the wife's ability to trace marital assets and contest the husband's claim that certain properties are his separate property.

■ Discovery of how the husband managed and used marital assets and income held under his exclusive control also should be permitted. The district court reserved until trial its rule on whether that evidence would be admissible. But since such evidence may be admitted, it is essential that the wife be allowed to discover facts necessary to present it and to cross-examine the husband's witnesses regarding issues it raises. By precluding the opportunity to discover necessary information, the district court may have rendered meaningless any later ruling it may make to admit the

---

[1] *Curtis, Inc. v. District Court,* 186 Colo. 226, 230, 526 P.2d 1335, 1336 (1974).
[2] Section 14-10-113(1)(c), C.R.S. 1973.
[3] Section 14-10-113(1)(b), C.R.S. 1973.

evidence.

█ The trial court's unreasonably narrow restriction of discovery seriously handicapped the wife's capacity to find and present evidence. She has no practical remedy by appeal. We hold that this abuse of the trial court's discretion warrants our intervention to prevent a miscarriage of justice.

## II.  *TEMPORARY ATTORNEYS' FEES.*

█ The purpose of temporary attorneys' fees is to place spouses "on an equal footing . . . for . . . maintenance of the . . . proceeding." *Bieler v. Bieler,* 130 Colo. 17, 19, 272 P.2d 636 (1954). Given that the wife is unemployed, without separate assets and required to pay for investigative and defense services in a complex case involving very substantial assets, her lack of readily available funds to pay attorneys' fees may place her "on an unequal footing."

The district judge, however, has not denied her request for attorneys' fees. He merely has postponed the fee determination until he has made "findings of fact and conclusions based upon the distribution of assets." Such a postponement may not preclude the wife from eventually recovering attorneys' fees. As an appellate court we cannot independently find, as a matter of fact, that she has been denied "equal footing" in seeking a fair property division.

█ Awarding attorneys' fees in divorce proceedings is generally within the trial court's discretion. *Morgan v. Morgan,* 139 Colo. 545, 550, 340 P.2d 1060 (1959). While the proof in a particular case may show that one of the parties has been placed at such an unfair advantage as to call for our intervention, no such factual showing has yet been made here. See *e.g., Peercy v. Peercy,* 154 Colo. 575, 581, 392 P.2d 609 (1964). Any disparity in capacity to pay attorneys' fees which now exists may be rectified at the time of the property division hearing. Therefore we find no abuse of discretion regarding attorneys' fees at this stage of the proceedings.

## III.  *CONCLUSION.*

The rule is made absolute as to the trial court's discovery rulings, but is discharged as to the other matters.

MR. JUSTICE LEE does not participate.