618 P.2d 1388 (1980)
Richard D. VARNER, Petitioner,
v.
The DISTRICT COURT FOR the FOURTH JUDICIAL DISTRICT, State of Colorado, and The Honorable Bernard R. Baker, as one of the Judges of the District Court, Respondents.
No. 80SA344.
Supreme Court of Colorado, En Banc.
November 3, 1980.
*1389 Bennett, Heinicke & Hollaway, Dale A. Gerlach, Colorado Springs, for petitioner.
Rector, Retherford, Mullen & Johnson, Jerry A. Retherford, Neil C. Bruce, Colorado Springs, for respondents.
QUINN, Justice.
The petitioner, Richard D. Varner, in this original proceeding under C.A.R. 21 seeks an order directing the district court of El Paso County to grant a motion to amend his complaint. We issued a rule to show cause and now make the rule absolute.
The pending litigation in the district court involves the purchase and subsequent repossession of a pickup truck. Realizing that the merits of this controversy must await final resolution at trial, we outline only those facts that are necessary to an understanding of the procedural issue raised by this proceeding.
On or about March 5, 1975, the petitioner entered into a purchase contract with Daniels Motor Company (DMC) for a new 1975 Chevrolet pickup truck. As part of the contract the petitioner made a down payment of $256.35 and traded in his 1965 GMC pickup truck, leaving a balance due of $3,289.70. Shortly after taking possession of the pickup truck, petitioner experienced mechanical difficulties which DMC would not or could not repair. On March 31, 1975, DMC took possession of the pickup truck without petitioner's knowledge, even though it had no security interest in the vehicle. Thereafter DMC refused to return the repossessed vehicle, the trade-in truck, or petitioner's initial cash payment of $256.35.
Petitioner obtained the services of an attorney in the latter part of March 1975. However, the attorney, over petitioner's protest, delayed filing a complaint against DMC until May 1979. Shortly after the filing of an answer by DMC, and before the case had been set for trial, petitioner discharged his attorney and engaged the services of present counsel. Petitioner's new attorney immediately requested leave under C.R.C.P. 15 to file an amended complaint due to the failure of the original complaint to set forth clearly the nature of petitioner's claims for relief and the inclusion of erroneous factual allegations therein. The motion to amend sought to plead separate claims for breach of contract, conversion, breach of warranty, and outrageous conduct, all of which arose out of the transaction involving the sale and repossession of the 1975 Chevrolet pickup truck.
The respondent court heard the petitioner's motion to amend on July 2, 1980. Both parties admitted during the hearing that the original complaint was poorly drafted and that the issues underlying the complaint were not clearly identified. Petitioner's attorney also pointed out that the original complaint erroneously stated that the petitioner had returned the 1975 Chevrolet *1390 pickup truck to DMC when in fact DMC repossessed that vehicle without the petitioner's consent. The trial court denied the motion to amend and gave no reason for its ruling. Thereafter, the petitioner commenced an original proceeding in this court.
Although original proceedings are not designed as a substitute for appeal, e. g., Vaughn v. District Court, 192 Colo. 348, 559 P.2d 222 (1977); First National Bank v. District Court, 164 Colo. 9, 432 P.2d 1 (1967), we have exercised our original jurisdiction under C.A.R. 21 when a procedural ruling will have significant effect on a party's ability to litigate the merits of the controversy. E. g., People v. District Court, Colo., 612 P.2d 87 (1980); Bobrick v. Sanderson, 164 Colo. 46, 432 P.2d 242 (1967); see Seymour v. District Court, 196 Colo. 102, 580 P.2d 302 (1978); Phillips v. District Court, 194 Colo. 455, 573 P.2d 553 (1978); Chicago Cutlery Co. v. District Court, 194 Colo. 10, 568 P.2d 464 (1977). The respondent court's denial of petitioner's motion to amend is such a ruling and justifies our exercise of original jurisdiction under the circumstances present here.
C.R.C.P. 15(a) provides that once a responsive pleading has been filed, a party may amend his complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The rule prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend. See generally 3 J. Moore, Federal Practice ¶ 15.08[2] (2d ed. 1980); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1484 (1971). Although leave to amend is not to be granted automatically, the court should not impose arbitrary restrictions on the application of the rule or exercise its discretion in a manner that undercuts its basic policy. Pleadings are not sacrosanct, Brown v. Schumann, 40 Colo.App. 336, 339, 575 P.2d 443, 445 (1978), and amendments thereto should be granted in accordance with the overriding purposes of our rules of civil procedure"to secure the just, speedy, and inexpensive determination of every action." C.R.C.P. 1(a). The United States Supreme Court in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962), outlined the dominant considerations applicable to the resolution of requests for amendatory pleading:
"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasonsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be `freely given.'"
Here, the respondent court offered no reason for its denial of petitioner's motion. The petitioner's request was made before the case had been set for trial. Consequently, the proposed amendment would not have caused undue delay to DMC. The fact that the proposed amendment set forth alternate theories of recovery furnishes no reason to withhold permission to amend, especially since those theories are rooted in the very same transaction underlying the original complaint. See, e. g., Foman v. Davis, supra; United States v. Heyward-Robinson Co., 430 F.2d 1077 (2d Cir. 1970), cert. denied, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971); International Ladies' Garment Workers' Union v. Donnelly Garment Co., 121 F.2d 561 (8th Cir. 1941); Jenn-Air Prods. Co. v. Penn Ventilator, Inc., 283 F.Supp. 591 (E.D.Pa.1968); Kuhn v. Pacific Mutual Life Ins. Co., 37 F.Supp. 102 (S.D.N.Y.1941). In effect, the denial of petitioner's motion to amend freezes him to an admittedly erroneous allegation in the original complaintthe petitioner's return of the 1975 Chevrolet pickup truck to DMC. Moreover, the denial of leave to amend curtails petitioner's opportunity to establish a factual basis for relief under the alternate claims proferred in the amended complaint. A litigant should not be so precluded, without articulated cause, from establishing entitlement *1391 to relief for a claimed wrong. See Coffman v. Tate, 151 Colo. 533, 379 P.2d 399 (1913).
Obviously, there are situations where a court properly may deny leave to amend because of resulting delay, undue expense or other demonstrable prejudice to the opposing party. 3 J. Moore, Federal Practice ¶ 15.08[4] (2d ed. 1980); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1487 (1971). However, the record in this case bespeaks neither a showing by DMC nor a finding by the court of any such cause for denial of leave. Under these circumstances "the outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the ... Rules." Foman v. Davis, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226.
Accordingly, the rule to show cause is made absolute and the cause is remanded to the district court with directions to grant the petitioner leave to file an amended complaint under C.R.C.P. 15(a).