**Thomas J. KERWIN, Petitioner,**

v.

**The DISTRICT COURT AND the JUDGES THEREOF FOR the FIRST JUDICIAL DISTRICT OF the STATE OF COLORADO and the Honorable Conrad L. Ball sitting in said Court by special assignment to this case, Respondents.**

**No. 82SA192.**

Supreme Court of Colorado,
En Banc.

Aug. 16, 1982.

Keller, Dunievitz & Johnson, Alex Stephen Keller, Denver, for petitioner.

Martin P. Miller, Littleton, for respondents.

ROVIRA, Justice.

Petitioner, Thomas J. Kerwin, filed this original proceeding pursuant to C.A.R. 21. He challenges the order of the District Court of Jefferson County denying his motion for a continuance and limiting his right of discovery. We issued a rule to show cause why the requested relief should not be granted and now make the rule absolute.

I.

Petitioner and Charles E. Stevinson entered into an agreement involving Stevinson's right to purchase a tract of land comprised of approximately forty-six acres. Pursuant to the agreement, the parties were to become equal joint venture partners in the acquisition, development or ultimate disposition of twenty acres of the tract.

Stevinson was designated managing partner and had full control of the acquisition, financing, and development of the property. Further, he was to select the twenty acres upon which the joint venture was predicated and retained the right to acquire the remaining twenty-six acres himself.

Petitioner's share of the acquisition cost of the twenty-acre plot was $184,000 plus his share of interest, taxes, and insurance as well as his pro-rata share of all proper expenses paid by Stevinson related to the purpose of the joint venture as may be properly allocable to the twenty-acre plot.

Petitioner brought an action against Stevinson seeking specific performance of the agreement. The District Court of Jefferson County entered judgment in favor of the petitioner. Stevinson was ordered to select the twenty-acre parcel and furnish a detailed statement of the amount owed by the petitioner for his undivided one-half interest in the property. All matters relating to an accounting and a determination of damages were reserved pursuant to a stipulation between the parties.

Subsequently, Stevinson selected the twenty-acre plot, but he did not provide a statement of the amount owed by the petitioner. The petitioner deposited $184,000, in partial payment of his share, with the court on January 19, 1981. Approximately one year later, Stevinson made a demand for an additional sum in excess of $774,000 as petitioner's share of the expenses incurred in developing the property. Petitioner filed objections to this demand. Trial of the accounting phase of the action was set for May 24, 1982, and the parties began conducting discovery in preparation for the trial.

In March 1982, petitioner filed a motion requesting a continuance of the trial date and an order concerning discovery. The motion alleged that Stevinson would not permit discovery of certain documents, ledgers, and accounting data; and, due to illness and death in the family of petitioner's counsel, discovery could not be completed by the trial date.

The court considered the motion on April 14, 1982. Petitioner argued that he needed to examine the records to determine whether the amount demanded by Stevinson as petitioner's share of the development cost corresponded to the allocation entered in the ledgers before the lawsuit. Further, he wanted to compare Stevinson's allocation of development costs among all parties who had an interest in other parcels in the tract.

At the conclusion of the hearing, the court denied petitioner's request for a continuance, ruling that although it appreciated counsel's personal situation, there were too many parties and too much involved in the lawsuit to permit a change of trial date. Further, petitioner's request to see Stevinson's original ledgers allocating the costs of the development of the property to the var-

ious parties who were involved in the total forty-six-acre tract was denied. The court ruled that the burden of proof on the costs was with Stevinson. Further, the court indicated that it was not interested in how the costs were originally allocated or how Stevinson dealt with other parties in the development. Rather, the court was interested in determining what development benefited the petitioner's twenty-acre parcel and that the allocated costs were reasonable and equitable. The petitioner filed this original proceeding challenging the ruling of the district court.

## II.

 Generally, matters of pretrial discovery are within the sound discretion of the trial court and the appropriate mechanism for review is by appeal rather than in an original proceeding. *Sanchez v. District Court*, 624 P.2d 1314 (Colo.1981); *Seymour v. District Court*, 196 Colo. 102, 581 P.2d 302 (1978); *Chicago Cutlery Co. v. District Court*, 194 Colo. 10, 568 P.2d 464 (1977). However, when a procedural ruling will have a significant effect on a party's ability to litigate the merits of the controversy and the damage to a party could not be cured on appeal, an original proceeding is an appropriate remedy to challenge a trial court's order relating to matters of pretrial discovery. *Sanchez v. District Court, supra; Seymour v. District Court, supra; Curtis, Inc. v. District Court*, 186 Colo. 226, 526 P.2d 1335 (1974); *Lucas v. District Court*, 140 Colo. 510, 345 P.2d 1064 (1959). We conclude that here the trial court abused its discretion in denying petitioner access to Stevinson's ledgers and that an appeal would not provide petitioner with an adequate remedy. *See Seymour v. District Court, supra.*

## III.

C.R.C.P. 26(b)(1) provides that "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action .... " Further, "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." C.R.C.P. 26(b)(1).

 Thus, under the rules, the scope of discovery is very broad. The information sought need only be relevant to the subject matter. It need not be admissible as long as it is reasonably calculated to lead to admissible evidence. *See Mayer v. District Court*, 198 Colo. 199, 597 P.2d 577 (1979); *Phillips v. District Court*, 194 Colo. 455, 573 P.2d 553 (1978).

 C.R.C.P. 26(c) allows the trial court to issue protective orders as justice requires "to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense...." However, it is apparent that in the present case the material sought by the petitioner was discoverable, and there was no basis for the entry of an order denying petitioner access to the materials.

The ledgers sought allegedly contain the original entries concerning the allocation of the costs of development. Here the subject matter of the suit is whether the amount demanded by Stevinson is properly allocable to petitioner's interest in the twenty-acre parcel. Clearly the information contained in the ledger is relevant to the subject matter of the suit under C.R.C.P. 26(b)(1).

 The court noted that the burden of proof with respect to development costs was on Stevinson. However, this cannot form a basis for denying petitioner access to information which is otherwise discoverable. Regardless of the burden of proof, a party is entitled to complete discovery in order to adequately prepare his case. Further, there is no basis under C.R.C.P. 26(c) for limiting petitioners access to the ledgers.

We conclude that the trial court abused its discretion in not ordering Stevinson to produce the ledgers for petitioner's examination. Our reading of the transcript of the hearing on the motion for a continuance convinces us that all other discovery issues have been resolved by the court and the parties.

Further, we do not address the trial court's denial of petitioner's motion for a continuance because this proceeding has resulted in a stay of all proceedings below, and the original trial date has passed. The court shall allow petitioner to examine the ledgers, and a new trial date shall be set.

Rule made absolute.

LEE, J., does not participate.