**In re the MARRIAGE OF Judith A. WELLS, Appellee,**

**and**

**Curtis W. Wells, Appellant.**

**No. 90CA1316.**

Colorado Court of Appeals, Div. III.

Dec. 19, 1991.

As Modified on Denial of Rehearing Jan. 23, 1992.

Certiorari Granted Aug. 3, 1992.

Cross–Petition for Certiorari Denied (Respondent) Aug. 3, 1992.

Bonnie M. Schriner, Denver, for appellee.

Lichtenfels, Pansing & Miller, J. Reid Lichtenfels, Denver, for appellant.

Opinion by Judge NEY.

This is the second appeal concerning the dissolution of the marriage of Judith A. Wells (wife) and Curtis W. Wells (husband).

The sole issue is whether, upon a remand to redetermine the division of the marital property, the trial court may consider additional evidence regarding the changed economic circumstances of the parties which have occurred since the decree of dissolution. We conclude that it may not and, therefore, reverse and remand.

The twenty-four-year childless marriage of the parties was dissolved in 1987. In a prior appeal, we reversed the property division in which the trial court had considered as a marital asset only that portion of wife's Public Employees Retirement Association (PERA) benefits which represented her contributions into the plan. *See In re Marriage of Wells*, (Colo.App. No. 87CA1268, December 8, 1988) (not selected for official publication).

On remand, the trial court addressed the meaning of § 14–10–113(1)(c), C.R.S. (1987 Repl.Vol. 6B) which provides that the court is to consider as a relevant factor in dividing marital property, the "economic circumstances of each spouse at the time the division is to become effective...." Inter-

preting that language literally, the court concluded that it was required to consider the significant changes in the economic circumstances of both parties and the health of wife that had occurred since the dissolution. It also expressly considered the fact that husband was entitled to future social security benefits even though it acknowledged that those benefits had not been previously discussed. In light of these matters, the court awarded to wife her entire PERA benefit and canceled a $7,500 note which husband had previously been ordered to pay to her.

Husband contends that the court erred in considering and basing its redetermination of the property division on changes in the circumstances of the parties that had occurred during the 39-month period between the entry of the decree of dissolution and the date of the hearing following the remand. We agree.

■ Initially, we note that the wife concedes that property is to be valued as of the date of the decree. See § 14–10–113(5), C.R.S. (1987 Repl.Vol. 6B); In re Marriage of Engelman, 43 Colo.App. 531, 605 P.2d 490 (1979). However, she argues that Mayer v. District Court, 198 Colo. 199, 597 P.2d 577 (1979) makes it clear that trial courts must consider the current circumstances of the parties in post-decree property divisions. We are not persuaded.

In Mayer, our supreme court held that evidence concerning the post-dissolution value and use of assets was "reasonably calculated" to lead to the discovery of evidence admissible in a post-decree proceeding regarding the multiple issues of property division, maintenance, and the award of attorney fees. The court explicitly recognized, however, that such evidence, while subject to discovery, might not be admissible in evidence. Therefore, we conclude that Mayer is not dispositive here.

■ Nor do we find helpful, or relevant, the maintenance cases cited by wife. When maintenance is at issue, the trial court must consider the total resources available to the parties in determining both the need and the ability to pay. See In re Marriage of Gray, 813 P.2d 819 (Colo.App.

1991). However, both parties waived maintenance at the time the decree of dissolution was entered.

■ Furthermore, there is a qualitative difference between a maintenance award and a division of property. See In re Marriage of Nevil, 809 P.2d 1122 (Colo.App. 1991). Most importantly, unlike an order of support, a property division is final and non-modifiable, absent conditions justifying relief from judgment. Section 14–10–122(1)(a), C.R.S. (1991 Cum.Supp.). In re Marriage of Jones, 627 P.2d 248 (Colo. 1981).

In addition, in determining a property division, the trial court should consider property which a party has acquired as of the date of the dissolution. See Menor v. Menor, 154 Colo. 475, 391 P.2d 473 (1964); see also In re Marriage of Grubb, 721 P.2d 1194 (Colo.App.1986), rev'd on other grounds, 745 P.2d 661 (Colo.1987); In re Marriage of Ward, 657 P.2d 979 (Colo.App. 1982); In re Marriage of Johnson, 40 Colo. App. 250, 576 P.2d 188 (1977).

■ Consistent with this principle, a court may not predicate a property division upon the potential future economic changes which may occur to a spouse, for to do so would violate the proscription against speculation as to the future. See Donnelly v. Donnelly, 167 Colo. 229, 449 P.2d 350 (1968).

Therefore, we hold that the disposition of property must be based upon the conditions that exist as of the date of the decree, even if it is not determined or implemented until a later date. Cf. In re Marriage of Gavito, 794 P.2d 1377 (Colo.App.1990).

■ Nevertheless, wife urges us to affirm the trial court's award to her of the entire PERA benefits based on the rules that: (1) a trial court has broad discretion to divide marital property; and (2) the mandate to distribute property equitably does not require equality. Although these precepts have relevance here, we decline to affirm the trial court at this juncture because, its division of the PERA benefits now before us was based on impermissible

factors which require a reconsideration of the appropriate factors.

■ A trial court clearly has wide discretion in matters of property division. *See In re Marriage of Faulkner*, 652 P.2d 572 (Colo.1982). Nevertheless, when a legal standard exists, the court may not disregard that standard in favor of some other legal rule, but must decide the controversy in accordance therewith. *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo.1986).

We recognize that property may change in character during the pendency of an appeal, *i.e.*, property may be sold, encumbered, or no longer exist. Under such circumstances, the court must consider such facts. However, no such changes have occurred here.

Therefore, we conclude that it was error for the court to base its redetermination of the property division on changes in the economic circumstances of the parties that had occurred since the decree of dissolution and on considerations of the social security benefits which might be available to husband.

By this conclusion, we do not imply that the trial court, applying the appropriate standards to the facts as they existed at the time of the decree, could not on remand determine that an equitable division of property would include an award of the entirety of the PERA benefits to the wife.

The order is reversed, and the cause is remanded to the trial court for further findings and award of wife's PERA benefits not inconsistent with the views expressed herein.

METZGER and CRISWELL, JJ., concur.