**Michael Dennis HAWKINS, Petitioner,**

v.

**The DISTRICT COURT In and For the FOURTH JUDICIAL DISTRICT and the Honorable William E. Rhodes, one of the Judges thereof, Respondents.**

**No. 81SA434.**

Supreme Court of Colorado, En Banc.

Jan. 18, 1982.

**QUINN, Justice.**

In this original proceeding we are asked to determine whether investigative reports and witnesses' statements compiled by an insurance adjuster in the course of investigating and attempting to settle a fire loss with an insured are discoverable in an action by the insured against an insurance company for failing to pay the fire loss claim. The respondent court held that such information was privileged and therefore not discoverable. The petitioner-insured, Michael Dennis Hawkins, thereafter commenced an original proceeding in this court. We issued a rule to show cause and now make the rule absolute.

I.

A brief recitation of the facts will place the issue in focus. The petitioner is an insured under a fire insurance policy on his home in Teller County, Colorado. The house and contents were destroyed by fire on February 16, 1981, and the petitioner filed a loss claim with MFA Mutual Insurance Company (MFA) for the full amount of coverage on the dwelling, the unscheduled personal property, and also for additional living expenses.[1] MFA assigned a claims adjuster to investigate the loss and to attempt to settle the claim. During the ensuing investigation the adjuster discussed with and took statements from various witnesses concerning the acquisition of insurance on the home, the origin of the fire, and the accuracy of the petitioner's proof of loss filed with the company. MFA refused to pay the petitioner's claim and the petitioner sued the company for breach of the insuring agreement, bad faith in refusing to pay his claim, and outrageous conduct.

In the course of the pending litigation the petitioner served interrogatories on MFA requesting, *inter alia*, the notes and investigative reports of the adjuster regarding his interviews with several named individuals as well as any statements taken from these persons. On the advice of counsel MFA

Henry B. Eastland, P. C., Colorado Springs, for petitioner.

Kane, Donley & Wills, Jerry Alan Donley, Colorado Springs, for respondents.

1. It appears from MFA's answers to interrogatories that the fire insurance was procured in the petitioner's name by the former owner who held a deed of trust on the property.

refused to supply the requested information. The petitioner filed a motion to compel discovery under C.R.C.P. 37. The respondent court denied the petitioner's motion, ruling that the interrogatories sought "critical and privileged material between the insurance company and the insurance company's adjuster" and, therefore, such information was not discoverable. Although the respondent court did not particularize the nature of the privilege on which it relied in denying the petitioner's motion to compel, it is apparent that the only conceivable basis for the court's denial of discovery was the work product doctrine. We conclude that the respondent court abused its discretion in its summary denial of the petitioner's motion to compel discovery on the basis of the work product doctrine.

## II.

■■ At the outset we recognize that orders pertaining to pretrial discovery are interlocutory in nature and generally are not reviewable in an original proceeding. However, we have not been reluctant to exercise our original jurisdiction when a pretrial order departs significantly from the standards prescribed by the rules of civil procedure and places a party at an unwarranted disadvantage in litigating the merits of his case. *See, e.g., Sanchez v. District Court*, Colo., 624 P.2d 1314 (1981); *Seymour v. District Court*, 196 Colo. 102, 581 P.2d 302 (1978); *Tyler v. District Court*, 193 Colo. 31, 561 P.2d 1260 (1977). The respondent court's denial of the petitioner's motion to compel discovery will preclude the petitioner from obtaining information vital to his claims for relief and justifies our exercise of original jurisdiction under the circumstances present here.

■ The general contours of discovery are outlined in C.R.C.P. 26. Rule 26(b)(1) authorizes the discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. . . ." The information sought need not be admissible at trial and is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." C.R.C.P. 26(b)(1). The purposes of pretrial discovery include the elimination of surprise at trial, the discovery of relevant evidence, the simplification of issues, and the promotion of expeditious settlement of cases. *Cameron v. District Court*, 193 Colo. 286, 565 P.2d 925 (1977). In keeping with these purposes we have consistently adhered to certain basic principles in resolving discovery disputes:

> "First, the rules should be construed liberally to effectuate the full extent of their truth-seeking purpose. . . . Second, in close cases, the balance must be struck in favor of allowing discovery. . . . Third, the party opposing discovery bears the burden of showing 'good cause' that he is entitled to a protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Cameron v. District Court, supra*, 193 Colo. at 290, 565 P.2d at 925–29.

In order to determine whether the respondent court properly applied the work product doctrine to the petitioner's interrogatories served upon MFA, we briefly examine the development of the doctrine since it was first enunciated by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In *Hickman* the Court held that "written statements, private memoranda and personal recollections prepared by an adverse party's counsel in the course of his legal duties" are not discoverable in the absence of a showing of necessity or justification.[2] In the wake of *Hickman* conflict-

---

2. In *Hickman* the plaintiff sued certain tugboat owners to recover damages for the death of a seaman, who along with several other crew members had been drowned in the sinking of the tug. The owners, shortly after the sinking, had employed a law firm to defend against potential suits by representatives of the deceased crew members. The plaintiff served numerous interrogatories on the defendant owners, including one inquiry whether any statements of crew members were taken in connection with the accident and requesting

ing views developed over (1) whether discovery of trial preparation materials required only a showing of relevancy and lack of privilege, or an additional showing of necessity, (2) whether the work product doctrine extends beyond work actually performed by lawyers, and (3) what relationship, if any, existed between the "good cause" requirement of Rule 34 and the "necessity or justification" of the work product doctrine. *Notes of Advisory Committee on 1970 Amendments to Federal Rules of Civil Procedure (Advisory Committee Notes),* 48 F.R.D. 487, 499–500 (1970).

Against a backdrop of varied judicial interpretations,[3] the United States Supreme Court in 1970 promulgated Fed.R.Civ.P. 26(b) as part of a major revision calculated to integrate into one rule the standards regulating the scope of pretrial discovery. *Advisory Committee Notes, supra* at 490. C.R.C.P. 26 parallels Fed.R.Civ.P. 26 and became effective April 1, 1970, shortly after the United States Supreme Court approved the federal counterpart. Rule 26(b)(3) provides in pertinent part:

"[A] party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

■ Rule 26(b)(3) broadens the scope of discovery to include matters formerly protected by some courts under the work product doctrine. Materials prepared "in anticipation of litigation or for trial" enjoy a qualified immunity from discovery in that they are discoverable only upon a showing by the party seeking discovery of a substantial need for such materials in the preparation of his case and an inability without undue hardship to obtain their substantial equivalent by other means. C.R.C.P. 26(b)(3), like Fed.R.Civ.P. 26(b)(3), draws no distinction between trial preparation mate-

---

copies of any written statements and a detailed summary of any oral statements or reports. In its opinion the Supreme Court disregarded the procedural irregularity involved in seeking discovery by interrogatory under Fed.R.Civ.P. 33 rather than a request for production under Fed. R.Civ.P. 34. The Court considered the basic question to be "whether any of those devices may be used to inquire into materials collected by an adverse party's counsel in the course of preparation for possible litigation." 329 U.S. at 505, 67 S.Ct. at 391, 91 L.Ed. at 459. It held that the information was not discoverable because the plaintiff had failed to make a proper showing "of the necessity for the production of any of this material or any demonstration that denial of production would cause undue hardship or injustice." 329 U.S. at 509, 67 S.Ct. at 393, 91 L.Ed. at 461. However, the Court pointed out that

"[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. . . . But the general policy against invading the privacy of an attorney's

course of preparation is so well recognized and so essential to the orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is necessarily implicit in the rules as now constituted." 329 U.S. at 511–12, 67 S.Ct. at 394, 91 L.Ed. at 462–63.

The Court's reference to "the rules as now constituted" was directed to the then existing Rule 34 which required a showing of good cause for a court order directing another party to produce documents. The "good cause" requirement of Rule 34 was deleted in the 1970 amendments to the Federal Rules of Civil Procedure and no such requirement exists in C.R. C.P. 34.

**3.** For different interpretations of the *Hickman* requirements prior to 1970, *see, e.g., Goosman v. A. Duie Pyle, Inc.,* 320 F.2d 45 (4th Cir. 1963); *Helverson v. J. J. Newberry Co.,* 16 F.R.D. 330 (W.D.Mo.1954).

rials compiled by an attorney and those prepared by some other agent of a party.[4] However, as the rule makes clear, the court in ordering the discovery of trial preparation materials must protect the "mental impressions, conclusions, opinions, or legal theories" of the attorney or other representative of the party. Documents and other tangible things not prepared "in anticipation of litigation or for trial" are discoverable so long as they appear "reasonably calculated to lead to the discovery of admissible evidence." C.R.C.P. 26(b)(1).[5]

■ Rule 26(b)(3) is not intended to protect from general discovery materials pre-pared in the ordinary course of business. *Advisory Committee Notes, supra,* at 501. Courts generally have held that reports made and statements taken by an insurance adjuster for an insurance company in the normal course of investigating a claim are prepared in the regular course of the company's business and, therefore, not in anticipation of litigation or for trial. The rationale for such an approach was cogently expressed in *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367, 373 (D.C. N.D.Ill.1972):

"If . . . the law were as suggested by the plaintiff,[6] *i.e.,* that after a claim has

---

4. In *Spaulding v. Denton,* 68 F.R.D. 342, 345 (D.Del.1975), the court stated:

"In giving nonlawyers equal status with lawyers for purposes of 'anticipation of litigation,' it was not the Committee's goal to widen or narrow the scope of the basic 'work product' doctrine. Rather, the goal was 'to require a showing of relevancy and need for the production of trial preparation materials, whether prepared by an attorney or by the party or his agent.' 4 J. Moore, *Federal Practice* ¶ 26.64[3] (1975 supp.) p. 50. *See* 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2024, pp. 196–99 (1970)."

The significance of documents, reports and statements being prepared by or under the direction of an attorney, rather than a nonattorney agent of a party, is that the attorney's participation is some indication that the materials were prepared in anticipation of litigation or for trial.

5. In *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the corporation's general counsel had been informed of questionable payments made by one of the corporation's foreign subsidiaries to foreign government officials and he then began an internal investigation of the matter, including the sending of questionnaires to foreign managers and the conducting of interviews with corporate officers and employees. The Internal Revenue Service issued a summons pursuant to 26 U.S.C. § 7602 demanding production of the questionnaires and counsel's notes on the interviews. The corporation declined to produce the material sought, asserting the attorney-client privilege and the work product doctrine. The Supreme Court held that the general counsel's notes and memoranda based on oral statements of employees interviewed by the attorney, to the extent not already protected by the attorney-client privilege, were protected from disclosure by the work product doctrine and that the magistrate, in ordering enforcement of the IRS summons, had incorrectly applied the

"substantial need" and "without undue hardship" standard of Rule 26(b)(3). After noting that "[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes," 449 U.S. 383, 399, 101 S.Ct. 677, 687, 66 L.Ed.2d 584, 597, the Court concluded:

"The notes and memoranda sought by the Government here, however, are work product based on oral statements. If they reveal communications, they are, in this case, protected by the attorney-client privilege. To the extent they do not reveal communications, they reveal the attorneys' mental processes in evaluating the communications. As Rule 26 and *Hickman* make clear, such work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship.

"While we are not prepared at this juncture to say that such material is always protected by the work-product rule, we think a far stronger showing of necessity and unavailability by other means than was made by the Government or applied by the Magistrate in this case would be necessary to compel disclosure." 449 U.S. at 401–402, 101 S.Ct. at 688–89, 66 L.Ed.2d at 599.

6. In *Thomas Organ Co.,* the plaintiff filed a suit in admiralty to recover damages for a cargo loss. The defendant ocean carriers contended that the loss resulted from the plaintiff's improper design and packing of the goods prior to shipment and the improper handling of them after they left the defendant's custody. The defendant sought production of two documents written by a marine surveyor hired by the plaintiff's insurer who surveyed the damaged goods shortly after their arrival. The plaintiff refused to produce the documents, contending that they were prepared "in anticipation of litigation" as contemplated by Fed.R.Civ.P. 26(b)(3).

arisen, litigation may be deemed a contingency and any document prepared after such a claim has arisen is prepared in anticipation of litigation as concerns Rule 26(b)(3) irrespective of whether an attorney, in the role of counselor has been consulted, hardly any document authored by or for an agent of an insurance company could even be discoverable without the showing of substantial need and undue hardship required by subsection (b)(3) of Rule 26. An insurance company by the nature of its business is not called into action until one of its insured has suffered some form of injury and has a potential claim against some other party and/or the insurer itself. At this point, the insurer must conduct a review of the factual data underlying the claim, presumably through the talents of agents or employees who summarize the data for middle—or upper—management, the latter deciding whether to resist the claim, to reimburse the insured and seek subrogation of the insured's claim against the third party, or to reimburse the insured and forget about the claim thereafter. The logical absurdity of the plaintiff's position is that, under its theory, the amendments to the discovery rules which were believed to be a liberalization of the scope of discovery would be a foreclosure of discovery of almost all internal documents of insurance companies relating to the claims of insureds. We do not believe that Rule 26(b)(3) was designed to so insulate insurance companies merely because they always deal with potential claims. If this were true, they would be relieved of a substantial portion of the obligations of discovery imposed on parties generally that are designed to insure that the fact finding process does not become reduced to gamesmanship that rewards parties for hiding or obscuring potentially significant facts."

*Accord, e.g., McDougall v. Dunn*, 468 F.2d 468 (4th Cir. 1972) (witness statements taken by insurance adjuster before commencement of litigation discoverable as regular business records rather than trial preparation materials); *Westhemeco Limited v.* *New Hampshire Insurance Co.*, 82 F.R.D. 702 (S.D.N.Y.1979) (reports issued to and by surveyor-investigator in course of investigating and attempting to negotiate insurance claim with insured for damage to goods shipped under bill of lading not prepared in anticipation of litigation and hence discoverable); *Spaulding v. Denton*, 68 F.R.D. 342 (D.Del.1975) (reports of marine surveyor's firm hired by yacht owner's insurer in attempt to find out as much as possible, as soon as possible, about sinking of yacht not prepared in anticipation of litigation and thus freely discoverable); *Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co.*, 61 F.R.D. 115 (N.D.Ga. 1972) (insurer's investigation report of insured's claim for payment under policy insuring against employee thefts discoverable as ordinary business record); *Henry Enterprises, Inc. v. Smith*, 225 Kan. 615, 592 P.2d 915 (1979) (insurer's investigation of potential claim discoverable as ordinary business record and not in anticipation of litigation or for trial).

■■ Because a substantial part of an insurance company's business is to investigate claims made by an insured against the company or by some other party against an insured, it must be presumed that such investigations are part of the normal business activity of the company and that reports and witness' statements compiled by or on behalf of the insurer in the course of such investigations are ordinary business records as distinguished from trial preparation materials. *See, e.g., Thomas Organ Co. v. Jadranska Slobodna Plovidba, supra; McDougall v. Dunn, supra; Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co., supra; Henry Enterprises, Inc. v. Smith, supra.* This is not to say, however, that under appropriate circumstances an insurance company's investigation of a claim may not shift from an ordinary business activity to conduct "in anticipation of litigation". Admittedly, there is no bright line which will mark the division between these two types of activities in all cases. On the one hand a document may be prepared "in anticipation of litigation" prior to the actu-

al commencement of litigation and, on the other, the commencement of litigation is not sufficient by itself to confer a qualified immunity from discovery on a document thereafter prepared. The general standard to be applied is whether, in light of the nature of the document and the factual situation in the particular case, the party resisting discovery demonstrates that the document was prepared or obtained in contemplation of specific litigation. *See generally* 8 *C. Wright* and *A. Miller, Federal Practice and Procedure* § 2024 (1970).

In the case of an insurance company defending a claim and asserting that its reports and witness' statements are trial preparation materials under C.R.C.P. 26(b)(3), the insurance company has the burden of demonstrating that the document was prepared or obtained in order to defend the specific claim which already had arisen and, when the documents were prepared or obtained, there was a substantial probability of imminent litigation over the claim, or a lawsuit had already been filed. *Miles v. Bell Helicopter Co.,* 385 F.Supp. 1029 (N.D. Ga.1974); *Westhemeco Limited v. New Hampshire Insurance Co., supra; Spaulding v. Denton, supra; Hopkins v. Chesapeake Utilities Corp.,* 300 A.2d 12 (Del.Super. 1972). Thus, a showing by the insurance company that reports and statements were compiled by or under the direction of the insurer's legal counsel for use in specific litigation about to be filed or for use in an upcoming trial would be conclusive evidence that these documents are trial preparation materials. Conversely, a showing that a claims adjuster, or even a lawyer not acting as a legal counselor for the insurer, conducted an investigation of a claim, during which he compiled various reports and statements, would not be sufficient by itself to overcome the presumption of an ordinary business activity. In the absence of more formidable evidence such documents would be presumed to be ordinary business records and, as such, discoverable without any showing of substantial need or undue hardship. The only requirement for discovery of ordinary business records is that they be reasonably calculated to lead to the discovery of admissible evidence. C.R.C.P. 26(b)(1).

### III.

In this case the record indicates that petitioner sought discovery of the investigative reports and witnesses' statements compiled by an insurance adjuster who was acting under the general directions of MFA in investigating a fire loss shortly after its occurrence and was attempting to settle the claim with the insured.[7] Such documents, if not essential to the petitioner's claim against MFA for failure to pay the full amount of his loss, appear at the very least to be reasonably calculated to lead to the discovery of admissible evidence. The respondent court in denying the petitioner's motion to compel discovery apparently believed that the information requested was protected from discovery under the work product doctrine. However, there is nothing in the pleadings and documents filed with this court demonstrating that the documents enjoy a qualified immunity from discovery under C.R. C.P. 26(b)(3) by virtue of their character as trial preparation materials.

It is MFA's burden to establish that the investigative reports and witnesses' statements were prepared "in anticipation

---

7. The petitioner's request for discovery was in the form of interrogatories under C.R.C.P. 33 with an additional request contained therein that MFA attach to its answers any written documentation, notes or reports relating to the adjuster's contact with certain persons allegedly having information about the petitioner's claim. MFA does not question *the form of discovery* employed by the petitioner and has raised no objection to it on that basis. Rule 34 permits a party to serve on another party a request to produce designated documents containing matters within the scope of Rule 26(b) and which are in possession, custody, or control of the party upon whom the request is served. In view of the 1970 amendments to the rules, which establish identical standards for discovery under C.R.C.P. 33 and 34, we believe the petitioner's use of interrogatories with a request within the interrogatories for production of documents was not improper.

of litigation or for trial" within the meaning of C.R.C.P. 26(b)(3). *E.g., Cameron v. District Court*, 193 Colo. 286, 565 P.2d 925 (1977); *Curtis, Inc. v. District Court*, 186 Colo. 226, 526 P.2d 1335 (1974). In the absence of such a showing the respondent court must presume that such documents were prepared in the ordinary course of MFA's business and, therefore, are not subject to the special discovery requirements of C.R.C.P. 26(b)(3). Even if MFA demonstrates that the requested documents constitute trial preparation materials under Rule 26(b)(3), the petitioner nevertheless may obtain discovery upon a showing of substantial need of the materials in the preparation of his case and an inability without undue hardship to obtain the substantial equivalent of the requested information by other means.[8]

Considering the obvious nexus between the requested information and the petitioner's claims against MFA, along with the absence of any showing by MFA of a valid basis for refusal to make discovery, the respondent court's denial of discovery on the apparent basis of the work product doctrine reflects a misapprehension of the nature and scope of that doctrine. Because the court did not apply the appropriate standards for discovery under C.R.C.P. 26, the rule to show cause is made absolute and the respondent court is directed to reconsider the petitioner's motion to compel discovery in accordance with the views expressed herein.

---

**8.** If the respondent court orders discovery of trial preparation materials, it must protect against disclosure the mental impressions, conclusions, opinions, or legal theories of MFA's attorney or other representative. C.R.C.P. 26(b)(3).