**KAY LABORATORIES, INC., Petitioner,**

v.

**The DISTRICT COURT In and For PUEBLO COUNTY, Colorado In the TENTH JUDICIAL DISTRICT, and the Honorable Matt J. Kikel, One of the Judges thereof, Respondents.**

**No. 82SA215.**

Supreme Court of Colorado,
En Banc.

Nov. 1, 1982.

Glenn S. Pressman, The Law Firm of Justin R. Melat, Colorado Springs, for petitioner.

Lee Wills, Kane, Donley & Wills, Colorado Springs, for respondents.

DUBOFSKY, Justice.

In this original proceeding under C.A.R. 21, we directed the respondent Pueblo County district court to show cause why petitioner Kay Laboratories' motion to compel discovery of a hospital incident report for use in defending a products liability and negligence action should not be granted. We hold that the court's denial of the motion constituted an abuse of discretion and now make the rule absolute.

In the underlying action, June McMichael brought suit in Pueblo County district court

against Kay Laboratories and St. Mary-Corwin Hospital of Pueblo seeking damages for injuries she sustained while a patient at the hospital. McMichael alleged that a chemical ice pack manufactured by petitioner Kay Laboratories and administered by the hospital leaked, causing chemical burns on her body. Following standard procedure, a nurse at the hospital prepared a report about the incident.

The petitioner served a request for production of documents on the co-defendant hospital, seeking, inter alia, "incident reports which relate to this law suit." The hospital objected to the request for the incident report on the ground that it was "not discoverable." The petitioner moved to compel discovery. After a hearing, the district court denied the motion, ruling that the incident report was prepared for the purpose of defending against a law suit, was obtained confidentially and was therefore privileged. The petitioner sought relief in the nature of mandamus, contending that the district court's ruling constituted an abuse of discretion and substantially prejudiced the preparation of its case. We agree.

In *Hawkins v. District Court,* 638 P.2d 1372 (Colo.1982), we discussed the standards for evaluating a party's assertion that a document is privileged and not subject to discovery under C.R.C.P. 26 because it was prepared in anticipation of litigation (the work product doctrine). *Hawkins,* which arose in the context of an insurance company's refusal to produce copies of witness statements and investigative reports to its insured, held that "the insurance company has the burden of demonstrating that the document was prepared or obtained in order to defend the specific claim which already had arisen and, when the documents were prepared or obtained, there was a substantial probability of imminent litigation over the claim, or a lawsuit had already been filed." *Id.,* 638 P.2d at 1379. Without such

a showing, there is a presumption that the documents were prepared in the ordinary course of the insurance company's business. As we noted, to hold otherwise would insulate almost all internal documents of insurance companies from discovery, since the nature of the business is the investigation of potential claims against other parties or the insurance company itself.

Here the hospital did not meet the burden of showing that the incident report was prepared to defend McMichael's claim. The evidence presented at the hearing on the petitioner's motion to compel showed that the report, like incident reports generally, was prepared in accordance with hospital routine.[1] The hospital's insurance adjustor had supplied it with a quantity of pre-printed incident report forms to complete whenever an incident occurred which could possibly result in litigation against the hospital.[2] The form is filled out in triplicate by a nurse on duty when an incident occurs. The hospital admits that the nurse completes the report within six to eight hours of the incident, leaving virtually no possibility that the hospital takes the report "to defend a specific claim ... already ... arisen" or that "imminent litigation" of the claim is probable. The hospital concedes that it had no notice of McMichael's claim when the incident report sought was completed. Further, although copies of the completed report forms are forwarded to the hospital's insurance adjustor for possible use in defending lawsuits, not all incidents reported result in litigation. The insurance adjustor also uses the forms to perform statistical analyses for loss prevention.

The hospital's argument that *Hawkins* is distinguishable because it concerned a claim against an insurance company by its own insured—a so-called first-party claim—is without merit. As we made clear in *Hawkins,* it is as much a part of an insurance company's normal business activity to investigate potential claims by third parties

---

1. Because we find that the incident report was not attorney work-product prepared in anticipation of litigation, we need not reach petitioner's argument that it could not have obtained the substantial equivalent by deposing the nurse who made the incident report.

2. The hospital is self-insured. It retains an insurance company to process claims, and, if litigation arises, the hospital retains an attorney on a case-by-case basis from an approved list supplied by the insurance company.

against its insureds as it is to investigate potential claims by its insureds against itself. 638 P.2d at 1378. The hospital offers no rationale for holding that the former should be entitled to greater protection from discovery under C.R.C.P. 26 than the latter, and we do not discern one.

■ Nor do the factual distinctions suggested by the hospital set this case apart from *Bernardi v. Community Hospital Association,* 166 Colo. 280, 443 P.2d 708 (1968), which held that hospital incident reports were discoverable. The reports in *Bernardi* were prepared for the hospital administration and made available to the hospital's attorney if he wished to see them. We ruled that in order to be covered by the attorney-client privilege, the documents must have been made by a client seeking professional advice from an attorney acting as a legal advisor at the time.[3] *Id.,* 166 Colo. at 296, 443 P.2d at 715–16. The emphasis of the *Bernardi* rule on whether the statements were calculated to elicit legal advice *when made* is of precisely the same import as the *Hawkins* rule that insurance company reports must have been prepared in order to defend *specific* claims which already had arisen. Here, the hospital's assertion that the incident report is protected by the attorney-client privilege is vitiated by the fact that it did not retain an attorney to defend McMichael's claim until some time after the incident report was made. *See* footnote 2, *supra.* Neither the attorney-client privilege (discussed in *Bernardi*) nor the work-product doctrine (discussed in *Hawkins*) creates an absolute immunity for statements made to attorneys or to their agents. Thus, for the same reasons discussed above with respect to the work-product doctrine, the incident report in question here is not protected by the attorney-client privilege, and is subject to discovery under C.R.C.P. 26(b)(1).

The respondent district court relied upon *Sierra Vista Hospital v. Superior Court,* 248 Cal.App.2d 359, 56 Cal.Rptr. 387 (1967), which held that hospital incident reports were protected by the attorney-client privilege. The test applied by the California Court of Appeals looked to whether the report was intended to be a confidential transmittal to the hospital's attorney, without regard to whether a claim had yet arisen or whether the hospital had retained an attorney at the time. Because this standard is significantly different from those in *Hawkins* and *Bernardi,* the authority cited by the district court is unpersuasive.

Therefore, we make the rule absolute and direct the district court to grant petitioner's motion to compel production of the incident report.

---

**3.** Documents made for an insurance company acting as the agent of an attorney are also covered by the privilege, *Bellmann v. District Court,* 187 Colo. 350, 531 P.2d 632 (1975), but, as we make clear in text, the attorney-client relationship between the insurance company and its lawyer must exist at the time the documents are created for the privilege to apply. To the extent that *Bellmann* brought preexist-

ing documents within the scope of the attorney-client privilege, we hold that that case is no longer good law. *See* section 13–90–107(1)(b), C.R.S. 1973 (1981 Supp.); *see also People v. Swearingen,* 649 P.2d 1102 (Colo.1982) (holding that incriminating documents which preexist the attorney-client relationship are not protected from disclosure by the attorney-client privilege).