Charles CHIGRO, Plaintiff,

v.

TEXACO, INC., Defendant.

No. 81–K–1519.

United States District Court,
D. Colorado.

Feb. 15, 1983.

Hugh A. Burns, and Phillip S. Figa, Burns & Figa, P.C., Denver, Colo., for plaintiff.

J. Christian Wieland, Texaco, Inc., Denver, Colo., G. Kenneth Handley, Texaco, Inc., White Plains, N.Y., for defendant.

## ORDER

KANE, District Judge.

In this antitrust action, plaintiff alleges a tying arrangement and boycott of his busi-

ness by defendant and a failure or refusal by defendant to accept an assignment of the lease which resulted in the closing of his gas station in Pueblo. The case has been assigned to a United States Magistrate for discovery and pre-trial scheduling.

A major issue in this action is whether defendant was operating in interstate commerce. Plaintiff requested an extension of time to take depositions and obtain documents from Hughes Brothers and two other witnesses to establish his claim that defendant was operating in interstate commerce. The magistrate ruled that all experts' depositions were to be completed no later than December 15, 1982. Plaintiff has appealed to this court for reconsideration of the magistrate's order of November 29, 1982 denying his motion for extension of the deposition deadline and states: "The Magistrate's Order misapprehends the history of this case and unfairly blames the Plaintiff for not meeting the Magistrate's deadline of September 30, 1982 for the completion of depositions." (page 1 of request). Plaintiff claims that the magistrate abused his discretion in denying his motion and that the ruling was clearly erroneous.

The magistrate's ruling is set forth here in its entirety:

THIS MATTER COMES BEFORE THE MAGISTRATE on a Motion for Extension of Deadline for Taking Depositions filed by the plaintiff on November 5, 1982.

The plaintiff requested an extension of general discovery to include additional testimony from Mr. Treadwell, a person from Hughes Brothers, and a person from Wyco Pipeline in order to pursue information as to interstate commerce and to obtain additional information to be provided to the expert. The plaintiff indicates that he has insufficient data for the expert. The expert was not retained until the week of November 15, 1982.

The plaintiff's complaint was filed on August 25, 1981. The complaint alleges that the defendant acted in interstate commerce and in violation of the Sherman Antitrust Act and the Clayton Anti-

trust Act. The complaint was amended in May, 1982 to include an allegation under the Robinson-Patman Act. The defendant has consistantly (sic) denied the interstate commerce claim. At each conference before the Magistrate, the issue of interstate commerce has been discussed, and the defendant has been firm in his position.

The Magistrate had his first conference in this matter November of 1981. The matter of interstate commerce and the Hughes Brothers' records was discussed at that conference. Another conference was held in January of 1982. A discovery cutoff date was set for March 4, 1982. At the settlement conference in February of 1982, the plaintiff had not taken the deposition of Mr. Ciruli of Hughes Brothers and he was given until March 31, 1982 to complete that deposition. That was beyond the discovery cutoff date of March 4, 1982, and as a result, the Magistrate continued the discovery cutoff date to June 30, 1982. The plaintiff amended his complaint in May of 1982 to add the Robinson-Patman Act. The plaintiff again requested a discovery cutoff extension, and this was granted to September 30, 1982. At that time, the Magistrate made it clear that all discovery would be completed by September 30, 1982, with the exception of the experts. The experts depositions were to be completed no later than December 15, 1982. At no time was the Magistrate ever informed that no expert had been retained by the plaintiff.

The plaintiff now informs the Magistrate, for the first time, that he has just retained an expert the week of November 15, 1982. He further informs the Magistrate that he needs additional time to take depositions, obtain documents from Hughes Brothers as well as two other witnesses in order to establish his claim that the defendant was operating in interstate commerce. The plaintiff has provided the Magistrate no reason for his delay except that he was scheduled for a six-week long antitrust action starting in October. That case was settled the day before trial.

The Magistrate is having difficulty understanding why the discovery has not been completed on interstate commerce when it has been an issue since the very commencement of the case. The Magistrate has further difficulty understanding how the plaintiff intended to comply with the Magistrate's order of August, 1982 to have the experts deposed by December 15, when he had not even retained an expert. The Magistrate finds no justification for extension of the discovery cut-off dates.

The Motion for Extension of Deadline for Taling (sic) Depositions is DENIED. The plaintiff has ten (10) days in which to file his objections with the Court.

Plaintiff bases his objection on three grounds: (1) that the issue of interstate commerce was not a potential issue in the case and the possible relevance of the Hughes' Brothers records were not known to the plaintiff until March, 1982 when the defendant took the deposition of Mr. Ciruli; (2) that at the August 30, 1982 conference, plaintiff advised the magistrate of the possible need for more discovery concerning the special interstate commerce requirements of the Robinson-Patman Act; and (3) that the plaintiff's expert was not available for deposition until the week of November 15, 1982 because the expert was out of the country until the end of October and, for financial reasons, plaintiff wanted to postpone incurring the expert's service (and fees) until the latest possible time.

Plaintiff asserts that the objectives of judicial economy, efficiency and fairness will best be served by permitting the requested deposition and says "[i]t is patently unreasonable to enforce a discovery cutoff in a complicated price discrimination case less than nine months from the time Plaintiff asserts the claim. The Plaintiff is on the fast side of this case and is more anxious than anyone to bring this case to trial, but to selectively impose unreasonable discovery deadlines in this case only serves to encourage a large oil company to violate the antitrust laws with impunity. Surely justice is not advanced in this matter." (page 4 of request) Plaintiff concedes that he will go to trial without the requested discovery if necessary.

In its response, defendant acknowledges that the magistrate's order was a proper exercise of discretion, "but it will neither actively support or (sic) oppose the Plaintiff's Request for Reconsideration." Defendant wants to ensure that plaintiff will not attempt to appeal the final decision on the ground that its discovery rights were improperly foreclosed. Texaco thinks that the time permitted was adequate for the completion of discovery and requests that in the event the magistrate's ruling is modified, further discovery be limited to 90 days and that there be a prohibition of further discovery extensions. If there is to be further discovery, defendant wants it open to both sides and wants the opportunity to depose plaintiff's expert within a specified time.

I am not at all inclined to enforce Procrustean limitations on the ability of counsel to prepare a case for trial. Nor do I think it appropriate to comment in a particular case about the excesses of expense, delay and confusion which our discovery rules not only permit but encourage as well. Further, I am loathe to subject myself to scornful comment by an appellate judge for "[m]yopic insistence upon expeditiousness in the face of a justifiable request for delay...." *United States v. King*, 664 F.2d 1171, 1173 (10th Cir.1981). I must suffer the risks of such accusations, however, in order to underscore the importance of the interests of judicial economy. The day has come and gone when courts could wait idly while counsel prepared their cases and eventually requested from the court a trial at their convenience. The effective and efficient management of the court docket by the trial judge taking the initiative and exerting positive control of the progress of each case has become a necessity. In the face of ever-increasing dockets and in order to provide each case, whether pending or to be filed, with the requisite time for qualitative treatment, it is essential that positive case management techniques be fully implemented by the trial court. If this is judicial activism, then so be it.

The court in this district has developed a system to implement the foregoing considerations. An integral part of that system is the practice of referring pre-trial scheduling and discovery matters to our United States Magistrates. Necessarily these magistrates must be vested with wide discretion in the enforcement of time limits and the management of their turgid dockets. It is in this light that I have carefully reviewed the file in its entirety together with the depositions on file. I have made this review to determine whether the magistrate abused his discretion in this particular case and whether the interests of justice should require a modification of the magistrate's ruling even if made within the boundaries of appropriate discretion. Upon this review I affirm the order of the magistrate. The deadlines established were reasonable and subject to enforcement. The reasons given by the magistrate in his order of November 29, 1982 denying the motion for extension of the discovery deadline for the taking of depositions are hereby adopted by the court.