AMERICAN BANKER'S INSURANCE COMPANY OF FLORIDA and Universal Aviation Underwriters, Inc., Plaintiffs,

v.

COLORADO FLYING ACADEMY, INC., a Colorado corporation and Robert D. Rosanbalm, Defendants.

Civ. A. No. 81–K–1489.

United States District Court, D. Colorado.

March 31, 1983.

See also 93 F.R.D. 135.

Diane Murley, Hamilton & Hill, Denver, Colo., for plaintiffs.

Susan Y. Young, Conklin & Adler, Thomas Byrne, Denver, Colo., for defendants.

### ORDER UPHOLDING MAGISTRATE'S DECISION

KANE, District Judge.

On August 22, 1975, a 1965 Learjet N100MJ crashed at Arapahoe County Airport, Colorado. Plaintiffs paid the claim under the policy issued to their insured on September 30, 1975. An investigation for the purpose of adjusting the claim of Universal was conducted by John L. McWhorter & Assoc., Inc. The McWhorter file was closed on an active basis in October, 1975 after payment of the claim and sale of the salvage. The file was reopened June, 1979 with instructions to look at the feasibility of subrogation. Subrogation litigation was filed first in Arapahoe County District court on June 4, 1981. The subrogation complaint was filed in this court August 19, 1981 [three days before the expiration of the six year statute of limitations] and the state case was dismissed.

Defendants filed a request for production of documents which was served on plaintiffs December 1, 1981. Plaintiffs produced all documents in response except those requested in:

1. All reports, writings, documents and memoranda prepared by the plaintiff, its

agents, insured, adjustors and employees relevant to the investigation of the loss which is the subject of this lawsuit.

16. Any and all statements, reports, writings or tapes of any party or witness, his (its) employees, representatives and/or agents relating to any aspect of the accident.

17. Any and all statements, reports, writings or tapes of any party, or witnesses, his (its) employees, representatives, and/or agents in possession of plaintiffs, their insured, agents, attorneys or adjustors of any and all other persons who have or claim to have knowledge of the accident.

A motion to compel discovery was filed by defendants on June 24, 1982 and referred to a United States Magistrate under local rule 17(c). A hearing was set but later vacated and not reset. On November 1, 1982, Magistrate Abram issued his first order requiring production of the investigation file by November 10, 1982.

A second order was issued by the magistrate November 3, 1982. Prior to the November 1 order, the magistrate had reviewed the McWhorter file *in camera,* but was informed that the entire file had not been submitted for that first review. He then reviewed the entire file and ordered that the investigation file up to August 26, 1980 should be produced to defendants because the file to that date constitutes the file of an adjustor, not the file of an attorney and is, therefore, not work product which should be protected from disclosure. The magistrate found that the information and documents in the file related to an adjustment and not to subrogation, and held that:

At no time, does John L. McWhorter do legal research or render a legal decision in the case. All legal decisions are rendered by the law firm of McDonald & McDonald of Miami, Florida at the request of John L. McWhorter acting as an adjustor.

The magistrate found two exceptions to his ruling and denied defendants review of letters from McDonald & McDonald dated December 18, 1979 and August 26, 1980. Because the magistrate found that all correspondence and documents after August 26, 1980 related "directly to preparation in litigation of the case under a subrogation claim" it was not to be tendered to defendants.

Plaintiffs filed a motion for reconsideration of these rulings and a third order was issued by Magistrate Abram on November 30, 1982. The motion for reconsideration was denied but plaintiffs were given seven (7) days to raise any new issues which they did not raise at the time of oral argument before the magistrate and "[i]f plaintiff elects not to provide that information to the Magistrate, the plaintiff will be given until December 15, 1982 to file its appeal of the Magistrate's ruling to the District Judge." The appeal was filed December 15, 1982 and all documentation submitted for *in camera* review by the magistrate has been submitted to and reviewed by me.

Rule 26(b)(3) F.R.Civ.P. provides in pertinent part:

... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, ... insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.[1]

Plaintiffs contend that Magistrate Abram's orders are clearly erroneous or contrary to law for three reasons: (1) the orders require production of documents for which a proper request has not been made;

---

1. F.R.Civ.P. 26(b)(3) codifies the work product doctrine which was recognized in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and provides that "the Court shall protect against disclosure of the mental impressions, conclusions, opinion or legal theories of an attorney...."

(2) there is no basis in fact for the finding that all documents up to August 26, 1980 were investigative material collected for the purpose of adjusting the claim of Universal; and (3) both defendants and the magistrate misinterpret the work-product exception. Defendants, though not having reviewed the McWhorter file, argue in favor of upholding the ruling of the magistrate and urge the position that investigation done by insurance adjustors, even if done by others including attorneys, is relevant matter for discovery. Defendants maintain that due to the span of time from the date of the accident to service of process and notice of this litigation, they are prejudiced by their lack of ability to obtain documents, files, test results and they face undue hardship in obtaining the substantial equivalent. Files have been destroyed and the plane wreckage cannot be located by any party. Defendants assert their substantial need for this investigative file to prepare a defense to this action and argue that no imminent litigation was pending as of August 26, 1980.[2]

In his ruling, Magistrate Abram relies heavily on *Hawkins v. District Court, Fourth Judicial District,* 638 P.2d 1372 (Colo.1982) and *Kay Laboratories, Inc. v. District Court,* 653 P.2d 721 (Colo.1982) which held:

> Rule 26(b)(3) broadens the scope of discovery to include matters formerly protected by some courts under the work product doctrine. Materials prepared 'in anticipation of litigation or for trial' enjoy a qualified immunity from discovery in that they are discoverable only upon a showing by the party seeking discovery of a substantial need for such materials in the preparation of his case and an inability without undue hardship to obtain their substantial equivalent by other means. C.R.C.P. 26(b)(3), like F.R.Civ.P. 26(b)(3), draws no distinction between trial preparation materials compiled by an attorney and those prepared by some oth-

er agent of a party. However, as the rule makes clear, the court in ordering the discovery of trial preparation materials must protect the 'mental impressions, conclusions, opinions, or legal theories' of the attorney or other representative of the party. Documents and other tangible things not prepared 'in anticipation of litigation or for trial' are discoverable so long as they appear 'reasonably calculated to lead to the discovery of admissible evidence' C.R.C.P. 26(b)(1). (footnotes omitted)[3]

*Hawkins* at page 1376–77. The court continues:

> Rule 26(b)(3) is not intended to protect from general discovery materials prepared in the ordinary course of business. [Notes of the Advisory Committee on 1970 Amendments to Federal Rules of Civil Procedure (Advisory Committee Notes, 48 F.R.D. 487, 501 (1970))]. Courts generally have held that reports made and statements taken by an insurance adjuster for an insurance company in the normal course of investigating a claim are prepared in the regular course of the company's business and, therefore, not in anticipation of litigation or for trial.

*Id.* There is substantial precedent for this position. *McDougall v. Dunn,* 468 F.2d 468 (4th Cir.1972); *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367 (D.C.N.D.Ill.1972); *Westhemeco Limited v. New Hampshire Insurance Co.,* 82 F.R.D. 702 (S.D.N.Y.1979); *Spaulding v. Denton,* 68 F.R.D. 342 (D.Del.1975); *Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co.,* 61 F.R.D. 115 (N.D.Ga.1972); *Henry Enterprises, Inc. v. Smith,* 225 Kan. 615, 592 P.2d 915 (1979).

Plaintiffs' appeal of the magistrate's ruling is denied on all three grounds. Defendant's request for production of documents of December 1, 1981 is specific, not vague and overbroad and sufficient to constitute a proper request under Rule 34, F.R.Civ.P.

---

**2.** Plaintiffs have objected to defendants' response because it was filed past the time permitted by the court. The file reflects that defendants sought and received an extension of time within which to file their response. Plaintiffs' objection is rejected.

**3.** The provisions of C.R.Civ.P. 26(b)(3) are identical to F.R.Civ.P. 26(b)(3).

There is a basis in fact and in law for the magistrate's ruling and I do not find that he misinterprets the work-product exception. As the magistrate found, plaintiffs have not met their burden of showing that the documents sought here were anything but documents prepared by the insurance adjustor in the ordinary course of their business of adjusting a claim. *See, Kay Laboratories, supra* at 722.

I have previously expressed the reasons for upholding the rulings of the magistrates. *See, Chigro v. Texaco, Inc.,* 558 F.Supp. 75 (1983); *Boring v. Keller,* 97 F.R.D. 404, (February 16, 1983); *Dolan v. Project Construction Corp.,* 558 F.Supp. 1308 (1983). I find no abuse of discretion by the magistrate in this ruling nor do I find it to be contrary to law or clearly erroneous. For these reasons, it is

ORDERED that the appeal of the magistrate's rulings of November 1, 1982, November 3, 1982 and November 30, 1982 is dismissed and the rulings of the magistrate are affirmed. The adjustor file of John L. McWhorter & Associates, Inc. up to August 26, 1980 with the exception of the two designated letters shall be provided counsel for the defendants for their examination.