STATE OF COLORADO and City of Colorado Springs, Colorado ex rel. Colorado Attorney General Duane WOODARD, Plaintiffs,

v.

SCHMIDT–TIAGO CONSTRUCTION CO., Palisade Construction Co., Terra Construction Co., Walter R. Schmidt, and Thomas C. Ledgewood, Defendants.

Civ. A. No. 84–Z–1224.

United States District Court, D. Colorado.

Dec. 31, 1985.

Thomas P. McMahon, Susan J. Trout, Asst. U.S. Atty. Gen., Denver, Colo., for the United States.

Stephen A. Weinstein, Robert J. Kapelke, Mary L. Murphy, Denver, Colo., for defendants.

## ORDER

DONALD E. ABRAM, United States Magistrate.

The parties have filed various motions with the court. A hearing has been held by the Magistrate, and the following findings of fact, conclusions of law and order are hereby entered.

The defendant, Schmidt-Tiago Construction Company has filed a Motion for an Order Compelling Discovery as to interrogatories and requests for production of documents. The plaintiff, the State of Colorado, has filed three motions. They have filed a Motion for an Order Compelling the defendant, Schmidt-Tiago to provide information on certain designated projects. It has also filed a Motion to Compel Testimony from Robert Lemke, Robert Bisguard, Shain Rogers, and Gene Anderson as to statements made to the federal grand jury and for the request for Production of Documents provided to the grand jury. Plaintiff has also filed a Motion for Protective Order to Prevent the Deposition of its employees concerning investigative procedures of the Attorney General's office after June 24, 1979.

## FACTS

The complaint alleges that the defendants, including Schmidt-Tiago Construction Company, conspired to violate the Sherman and Clayton Anti-Trust Acts and the Colorado Anti-Trust Statute by fixing prices charged for highway construction contracts. In the complaint, the plaintiff states "the relevant time period" is defined in paragraph 6 as "the period of time beginning at an exact date unknown to the plaintiffs; but believed to be at least as early as October of 1965 and continuing to an exact date time unknown to the plaintiffs but believed to extend to at least sometime in 1980".

The plaintiffs, further raised the issue of "due diligence" in paragraphs 22 and 23.

At paragraph 22(e), the complaint states that as of April 1982 the State of Colorado "engaged in complex, state of the art computerized analysis of bids for contracts on highway construction projects". In paragraph 23, it states that it first learned of possible conspiracy at the time of the federal grand jury indictment on June 14, 1983. In paragraph 24, the complaint states that the State would not have discovered the fraud until after the date of June 14, 1983 because of the defendants conspiracy to conceal the unlawful conduct. Further, at paragraph 24 the State alleges that fraudulent documents were filed prior to June of 1978, from June 15, 1978 through December of 1981 and after January of 1982.

Both parties have selected a date of June 14, 1979 as the date that they wish to limit the other party's discovery. On the other hand, both want to discover from the other party information up to the present date of litigation. In reviewing the complaint, the date of June 14, 1979, does not appear. The complaint was filed on June 14, 1984, and the four year statute of limitations would give a date of cause of action of June 14, 1980. During the criminal proceedings in the federal court, the statute of limitations was stayed, therefore the date that the statute of limitations is applicable is June 14, 1979. This is apparently the date the parties have agreed upon, and the date the Court will use for purposes of entering its findings. The complaint is so widely pled that highway contracts entered into prior to June 14, 1979 are at issue as well as any contracts entered into after the 1979 date up to the date of the filing of the complaint. The complaint has not been amended to narrow those issues.

## DEFENDANTS' MOTION TO COMPEL

Plaintiff has raised the work-product/attorney-client privilege as to the computer documents as well as to other documents in the possession of the State. The defendant, by its Motion to Compel is requesting those documents as well as statements taken by the State investigators of third parties. The plaintiff, in raising the

work-product/attorney-client privilege has not distinguished between the two privileges although they are distinctly different. *UpJohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *In re Murphy*, 560 F.2d 326, 337 (8th Cir.1977); *Julian v. Raytheon Co.*, 93 F.R.D. 138, 142–41 (D.Del.1982).

■ Attorney-client privilege applies to communications between counsel and the client. *UpJohn Co. v. United States*, 449 U.S. at 389, 101 S.Ct. at 682. The right to raise the privilege is the clients. *In re Grand Jury proceedings, Vargas* 723 F.2d 1461, 1466 (10th Cir.1983). Work-product is the attorney's preparation for litigation. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947); *United States v. Nobles*, 422 U.S. 225, 236–240, 95 S.Ct. 2160, 2169–70, 45 L.Ed.2d 141 (1975). The privilege protects the attorney's thoughts and mental impressions but does not protect relevant, non-privileged facts in the file of the attorney. *Hickman v. Taylor*, 329 U.S. at 511, 67 S.Ct. at 393; *UpJohn Co. v. United States*, 449 U.S. at 399–400, 101 S.Ct. at 687–88. The burden of proving the attorney-client or work-product privileges rests on the person raising that privilege. *Peat, Marwich, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) *cert. denied*, —— U.S. ——, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985); *United States v. Bump*, 605 F.2d 548, 551 (10th Cir.1979).

On raising the privilege, a general allegation is insufficient. A clear showing must be met by setting forth the items or category objected to and the reason for that objection. *Peat, Marwich, Mitchell & Co. v. West*, 448 F.2d at 542.

The plaintiffs have set forth no facts to establish the attorney-client privilege. It has not indicated the client, nor has it indicated when, where, or what conversation occurred and was privileged. Therefore, the Court finds that no attorney-client privilege has existed.

■ The plaintiffs have raised the work-product privilege but have failed to comply with the requirements of Rule 26(b). They have failed to specifically designate what documents are work-product. *Peat, Marwich, Mitchell & Co. v. West*, 448 F.2d at 542.

The primary documents which the plaintiff is refusing to provide apparently are the computer printouts run from 1982 through 1984. Work-product only exempts material and information compiled in the reasonable anticipation of a civil action or proceedings. *Hernandez v. Alexander*, 671 F.2d 402, 408 (10th Cir.1982); *In re Murphy*, 560 F.2d at 333–336 (8th Cir. 1977).

This law suit was filed on June 14, 1984. The computer printouts prior to June 14, 1984 were not obtained in the course of trial. The question is whether the printouts were prepared in the regular course of business or with anticipation for this litigation. *American Bankers Insurance Co. of Florida v. Colorado Flying Academy*, 97 F.R.D. 515, 517 (D.Colo.1983). Various tests have been used to determine whether investigation information obtained prior to a suit is work-product. The tests run from "some possibility of litigation" *In re Grand Jury Investigation* 599 F.2d 1224, 1229 (3rd Cir.1979) to a "substantial probability that litigation will occur". *Carver v. Allstate Insurance Co.*, 94 F.R.D. 131, 136 (D.Ga.1982); *Home Insurance Co. v. Ballinger Corp.*, 74 F.R.D. 93, 101 (D.Ga. 1977). Courts have considered factual information to make that determination. One of the facts considered has been whether an attorney was consulted prior to the information being obtained by the party for the attorney prior to the suit being filed. *APL Corp. v. Aetna Casualty Company*, 91 F.R.D. 10, 16–17 (D.Md.1980); *Joyner v. Continental Insurance Co.*, 101 F.R.D. 414, 416 (D.Ga.1983).

Plaintiff has the burden to establish the privilege. Based upon the facts presented before the court, I am of the opinion that the computer program established by the department of highways and the Attorney General was for the use in the regular course of business. They simply computerized for easier reading and evaluation doc-

uments of the highway department. (*See* Plaintiffs' legal memorandum at Page 4.) Unless additional evidence is presented by the plaintiff to establish the work-product privilege, the computer readouts must be produced to the defendants.

■ The plaintiff objects to providing the statements taken from the non-parties' witnesses during its investigation, yet if the statements were taken with the purposes of trial preparation, the statements are work-product. *United States v. Anderson*, 34 F.R.D. 518, 521 (D.Colo.1963); *Diamond v. Mohawk Rubber Co.*, 33 F.R.D. 264, 266 (D.Colo.1963). The plaintiff should understand that if the persons from whom the statements were taken will later be called as witnesses, the statements are then discoverable for the purposes of cross-examination of the witnesses by the defendants. *Diamond v. Mohawk Rubber*, 33 F.R.D. at 268; *Boring v. Keller*, 97 F.R.D. at 407; *United States v. Nobles*, 422 U.S. at 239–240, 95 S.Ct. at 2170–71 (1975).

■ The plaintiff further states that it is not required to provide the names of witnesses or exhibits prior to the pretrial. Plaintiff is *wrong*. The names of persons whom the plaintiff knows it will or probably will call as witnesses and exhibits that it intends to use at time of trial shall be provided to the defendants as they become known. Rule 16 provides for an orderly discovery and not surprise at the pretrial conference.

■ The plaintiff has stated that it has provided thousands of documents, and it is not required to list specific documents which would answer a specific interrogatory or request for production of documents. This type of answer does not meet the requirements of Rule 26(b) and Rule 33. The appropriate answer when documents are to be used is to list the specific document provided the other party and indicating the page or paragraphs that are responsive to the interrogatory. *See Daiflon Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir.1976).

IT IS HEREBY ORDERED that the defendant's Motion to Compel is GRANTED as to interrogatories 1d, 2c, 7c and requests for production of documents 3, 5, and 8. The Motion is DENIED as to interrogatories 20, and requests for production of documents 10, 12, and 14 for reasons further stated in this order.

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

■ The plaintiff has filed a Motion for Protective Order to prohibit the defendants deposing its employees concerning any investigation or research done after June of 1979. The defendants have subpoenaed various present and past employees of the State of Colorado. The defendants claim that the testimony is necessary in order to determine the "due diligence" claim of the State in discovering the alleged anti-trust conspiracy. Plaintiffs, by the initial brief, claim that issue of "due diligence" does not apply after June 14, 1979 because all dates after June 14, 1979 are within the statute of limitations.

The statute of limitations of the Clayton Anti-Trust Act provides for a four year statute of limitations from the date of the last act. *Fitzgerald v. General Dairies, Inc.*, 590 F.2d 874, 876 (10th Cir.1979); *Programs Engineering, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188 (9th Cir. 1980); *Zenith Radio v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). The statute may be stayed by government action either civil or criminal. 15 U.S.C. § 16(i). The action tolls the statute pending a final judgment and for one year thereafter. *Marine Fireman's Union v. Owens-Corning Fiberglass Corp.*, 503 F.2d 246, 249–250 (9th Cir.1974); *Ross Toga Inc. v. Grinnell Corp.*, 426 F.2d 850 (2nd Cir.1970); *Three Anti-Trust Laws and Trade Regulations, Bom Klinwski* § 11.05. This is to provide the private parties injured by the defendants actions to take advantage of the government's anti-trust action investigation. *Minnesota Mining and Manufac-*

*turing Co. v. New Jersey Wood Finishing,* 381 U.S. 311, 317, 85 S.Ct. 1473, 1476, 14 L.Ed.2d 405 (1965); *Union Carbide & Carbon Corp. v. Nisley,* 300 F.2d 561, 569 (10th Cir.1962). The second method of tolling the statute is fraudulent concealment by the defendants. The plaintiff must allege and has the burden of proving the following as to fraudulent concealment: (1) the use of fraudulent means to conceal; (2) successful concealment from the plaintiff; (3) the plaintiff did not know or by exercise of "due diligence" could not have known of the wrongful act. *King & King Enterprises v. Champlin Petroleum Co.,* 657 F.2d 1147, 1154 (10th Cir.1981).

Plaintiff has by the complaint alleged both methods of tolling the statute. United States criminal action commenced on June 14, 1983 by indictment and ended at entry of judgment against Asphalt Paving Co. on August 26, 1983. The plaintiff's complaint was filed within the period of the tolling of the statute. All of the acts of defendants which are prior to June 14, 1979 are within the statute of limitations.

The plaintiff by its allegations of fraudulent concealment attempts to toll the statute as to all acts after 1966 and up to the alleged discovery of the anti-trust action when the federal indictment was filed on June 14, 1983. The plaintiff is correct in its argument. The defendant by its brief fails to recognize that there are two separate tolling theories and attempts to merge the two in to one. Whether the state had "due diligence" in 1983 is not applicable. Whether the state should have discovered or with due diligence attempted to discover any acts of the defendants prior to June 14, 1979 is applicable.

IT IS HEREBY ORDERED that the Motion for Protective Order filed by the plaintiffs is GRANTED with the caveat that if the plaintiffs intend to use at the trial information subsequently obtained by its own investigation, that information is relevant and discoverable. If the plaintiff hides the evidence at this time, it may be prevented from using the evidence later at trial.

## MOTION TO COMPEL FOR DISCOVERY OF WITNESSES

■ The plaintiff has filed a motion to require the witnesses Robert Lemke, Robert Bisguard, Shain Rogers and Gene Anderson to testify and answer questions concerning statements which they made to federal agents and before the United States District Court Grand Jury. Chief Judge Finesilver on November 14, 1985 vacated the protective order prohibiting the release of documents and information concerning the federal grand jury proceedings against multiple defendants including Schmidt-Tiago. As stated by Chief Judge Finesilver "these investigations, as well as the resulting criminal prosecutions have concluded, thus ending the need for the orders".

Furthermore, the defendants' claim of witness secrecy has never existed. There is no provision in the law for witness secrecy. Courts have stated that information which was developed out of grand jury investigation should first be obtained through the parties who may have testified or provided documents. *United States v. Sells Engineering Co.,* 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983); *United States v. Kilpatrick,* 594 F.Supp. 1324, 1347 (D.Colo.1984). In the recent case of the United States *ex rel Woodard v. Tyman,* 776 F.2d 250, 252 (10th Cir. 1985), the Court held that the defendants could not hide behind the rule of grand jury secrecy as to records it had submitted to the grand jury. The Court found that the grand jury is required to return those records to the owners at the completion of the grand jury task. The Court authorized the State of Colorado to review the records and required the defendants to request the records be returned to their possession in order to permit the state to review those records. I see no reason why the witnesses testimony before the grand jury should be treated any differently than the documents produced to the grand jury.

IT IS HEREBY ORDERED that the Motion to Compel the defendants Lemke, Bisguard, Rogers and Anderson to testify as to their testimony before the grand jury and to produce any documents provided the grand jury is hereby GRANTED.

### MOTION TO COMPEL HIGHWAY PROJECT INFORMATION

▆ Plaintiffs have further filed a Motion to Compel the defendants to provide information concerning various highway projects including projects outside the initial 17 named by the plaintiff (interrogatories). Both parties have selected a date of June 14, 1979 as a date that they claim the statute of limitations ends. On the other hand, both want to discover from the other party up to the present date of litigation information. Both parties are inconsistent in their demands of the other and in refusing to provide documents.

The complaint alleges anti-trust actions to "some time in 1980", paragraph 6 and filing of false documents both before June 15, 1978, during the period of June 15, 1978 through December 1981 and after January 1982. Paragraph 24.

If the defendants committed a wrongful act in 1968, the statute of limitations expired in 1982. The only way the state can recover it is to establish that at the time of the act and subsequent thereto the defendants fraudulently concealed the wrongful act successfully from the plaintiff, and that the plaintiff by "due diligence" could not have obtained knowledge of the wrongful act. *King & King Enterprises v. Champlin Petroleum Co., supra.* Therefore both the fraudulent acts and any new projects which occurred within the statute of limitations are all applicable and relevant in this case.

IT IS HEREBY ORDERED that the Motion to Compel the defendants to provide the information and documents concerning their projects up and to the date of the filing of the complaint is hereby GRANTED.