Robert C. HORTON and Joan V. Mollohan, individually and as class representatives, and Coolidge Evergreen Equities, LLC, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. Civ.A.00–D–2126.

United States District Court,
D. Colorado.

Jan. 3, 2002.

Kevin Scott Hannon, Hannon Law Firm, LLC, Denver, CO, for Robert C. Horton.

Tearle William Thomas Harlan, Hannon Law Firm, LLC, Denver, CO, for Joan V. Mollohan and Coolidge Evergreen Equities, LLC.

Henry T. Miller, U.S. Department of Justice, Civil Division, Torts Branch, Washington, DC, for U.S.

### ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on five discovery issues raised in the **Plaintiffs' Status Report Regarding December 10, 2001 Conference,** filed November 27, 2001, which I have construed as a motion to compel discovery (the "Motion to Compel"). I held a hearing on the Motion to Compel on December 10, 2001, during which I took some matters under advisement and made some rulings on the record. The rulings made during the December 10, 2001, hearing are incorporated here.

I entered oral rulings disposing of three of the discovery issues—(1) granting the request of the United States for the plaintiff's property tax records from 1996 to the present; (2) granting in part and denying in part the request of the United States for the plaintiffs' "mortgage documents;" and (3) granting the request of the United States for copies of offers to purchase parcels of real property which are the subject of this suit.

I took two matters under advisement. First, the United States requests a privilege log of the correspondence between Dunmire Property Management ("Dunmire") and the Hannon Law Firm, LLC, which was withheld

by Dunmire from production. In addition, the United States seeks an order allowing it to conduct ex parte interviews of some of Dunmire's employees.

## FACTS

This case is brought by Robert C. Horton and Joan V. Mollohan, individually and as purported class representatives, and by Coolidge Evergreen Equities, LLC ("Coolidge Evergreen"), against the United States under the Federal Tort Claims Act. The plaintiffs assert claims of negligence, trespass, nuisance, and unjust enrichment based on the alleged release by the United States of contaminants at the former Lowry Air Force Base. Coolidge Evergreen owns real property which it claims was contaminated by the alleged releases.

In the normal course of discovery, the United States served a subpoena to produce on Dunmire. Request # 13 of the subpoena seeks "[a]ll correspondence, documentation, and other written or electronic materials sent by the Hannon Law Firm to Dunmire Property Management, Inc., or sent by Dunmire Property Management, Inc., to the Hannon Law Firm." The Hannon Law Firm responded on behalf of Dunmire, stating that "we are treating your Rule 45 subpoena as a request for production under Rule 34.…" In addition, the Hannon Law Firm, on behalf of Dunmire, responded to Request # 13 by objecting to the request as seeking "information protected by the attorney/client and attorney work product privileges."

Dunmire is not a party to this litigation in its own right. It is, however, the "managing agent for Coolidge Evergreen Equities, LLC, with respect to the Evergreen Village Apartments located at 1950 Trenton and 1955 Ulster." Affidavit of Crystal Dunmire. Coolidge Evergreen is one of the plaintiffs, and the Hannon Law Firm claims that it represents Dunmire in Dunmire's capacity as managing agent of Coolidge Evergreen's property.

## ANALYSIS OF DISCOVERY DISPUTES

### 1. The Dunmire Privilege Log

The Motion to Compel seeks only an order requiring Dunmire to itemize on a privilege log the documents it has refused to produce

to the United States; it does not seek production of those documents at this time. During the hearing on the motion, however, it became apparent that the issue between Dunmire and the United States is more fundamental. The United States disputes the existence of an attorney-client relationship between the Hannon Law Firm and Dunmire.

The Motion to Compel, insofar as it relates to the withheld documents, raises three issues. The first is whether Dunmire can assert the attorney-client privilege at all, since it is represented by the Hannon Law Firm only in its capacity as managing agent for Coolidge Evergreen.

Under similar facts, the court in *In re Bieter Co.*, 16 F.3d 929 (8th Cir.1994), held that the attorney-client privilege may extend to protect communications between the lawyers for a company and the company's independent contractor who is the "functional equivalent of an employee," reasoning:

> "The [attorney-client] privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client.... 'The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out.'" Such information will, in the vast majority of cases, be available from the client or the client's employees, but there undoubtedly are situations ... in which too narrow a definition of "representative of the client" will lead to attorneys not being able to confer confidentially with nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely. "[I]t is only natural that," just as "[m]iddle-level—and indeed lower-level—employees ... would have the relevant information needed by corporate counsel if he is adequately to advise the client with respect to ... actual or potential difficulties," so too would non-employees who possess a "significant relationship to the [client] and the [client]'s

involvement in the transaction that is the subject of legal services."

*Id.* at pp. 937–38 (internal citations omitted). *Accord In re Copper Market Antitrust Litigation,* 200 F.R.D. 213, 218–19 (S.D.N.Y. 2001) (holding that a public relations firm hired as an independent contractor by one of the defendants to deal with public relations problems associated with claims asserted in the litigation could "fairly be equated with the [defendant] for purposes of analyzing the availability of the attorney-client privilege to protect communications to which [the public relations firm] was a party concerning its scandal-related duties").

■ Before application of the attorney-client privilege will be extended to non-employees, however, the party asserting the privilege must make a detailed factual showing that the non-employee is the functional equivalent of an employee and that the information sought from the non-employee would be subject to the attorney-client privilege if he were an employee of the party. *Energy Capital Corp. v. United States,* 45 Fed.Cl. 481, 488–94 (2000); *see* Spahn, Thomas E., *A Practitioner's Guide to the Attorney–Client Privilege and the Work Product Doctrine,* ¶ 2.404(A)(1)(d) at n. 85 (2001).

■ In support of its argument that the attorney-client privilege between Coolidge Evergreen and the Hannon Law Firm extends also to communications between the Hannon Law Firm and Dunmire, I have been provided with the Property Management Agreement between Coolidge Evergreen and Dunmire. That agreement does not address directly Dunmire's management of the claims asserted in this lawsuit on behalf of Coolidge Evergreen. Rather, it provides generally that Dunmire is Coolidge Evergreen's agent to "rent, lease, operate and manage the property." A property manager does not necessarily have authority to manage litigation on behalf of its principal, however, and nothing in the Property Management Agreement persuades me that Coolidge Evergreen's confidential relationship with its lawyers should be extended to Dunmire.

■ I also have been provided with a copy of a letter from Coolidge Evergreen to Dun-

mire, dated October 29, 2001 (after the current dispute arose), stating that Crystal Dunmire "and [her] company, . . . have been, and are, the owner's agent for handling the Lawsuit with the federal government. You had, and have, authority to represent the owner's interest in the litigation. This authority began before the claim was filed." This self-serving and conclusory letter, however, does not satisfy the requirement that Coolidge Evergreen make a detailed factual showing that Dunmire is the functional equivalent of a Coolidge Evergreen employee.

■ The second issue is the necessity of a privilege log. A party resisting discovery based on the attorney-client privilege or work product immunity has the burden of establishing that the privilege applies. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) ("A party seeking to assert the privilege must make a clear showing that it applies"); *Colorado v. Schmidt–Tiago Construction Co.*, 108 F.R.D. 731, 734 (D.Colo.1985) ("The burden of proving the attorney-client or work-product privileges rests on the person raising that privilege"). Under Fed.R.Civ.P. 26(b)(5), when a party withholds documents or other information based on the attorney-client privilege or work product protection, the party "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

■ To satisfy the burden established by Rule 26(b)(5), the party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the precise reasons the materials are subject to the privilege asserted. *See McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D.Kan.2000). The information provided in the privilege log must be sufficient to enable the court to determine whether each element of the asserted privilege is satisfied. *Id.* In this case, Coolidge Evergreen and Dunmire have failed to provide any privilege log from which I can determine whether the withheld information is subject to a privilege.

■ Finally, and related to the second issue, Dunmire asserts that documents exchanged between a client and its lawyers subsequent to the initiation of the litigation and concerning the litigation need not be included in the privilege log. Nothing in Rule 26 supports the position asserted by Dunmire, however, and Dunmire has not directed me to any supporting authorities. To the contrary, the plain language of Rule 26(b)(5) extends to all documents withheld from production on a claim of privilege. In addition, the cases imposing the requirement of a privilege log do not carve out of the requirement documents between a lawyer and client created after the initiation of the litigation. *See Epling v. UCB Films, Inc.*, 2000 WL 1466216 at *18–19 (D.Kan. Aug.7, 2000) (discussing the need for a privilege log where the defendant described the production request as seeking "[d]ocuments exchanged between Defendant and its counsel, related to Plaintiff's allegations, generated by Defendant and its legal counsel in preparation for, and subsequent to the pending litigation . . . prepared in the normal course of defending this threatened litigation, lawsuit, and charges of discrimination," but holding that the defendant had read the request too broadly and requiring a privilege log of only the defendant's "interoffice correspondence"). Moreover, common sense dictates that even post-filing correspondence and materials exchanged between lawyer and client must be listed on the privilege log. It is certainly possible that such a document might be copied to a third party, thus destroying any privilege that otherwise would attach. Consequently, the mere fact that a document concerning the litigation is created and exchanged between lawyer and client after the lawsuit is commenced does not mean necessarily that the document is privileged and not subject to discovery.

On the record before me, I cannot say that the attorney-client privilege between Coolidge Evergreen and the Hannon Law Firm extends also to Dunmire, nor has Dunmire established that the withheld documents are subject to any privilege which may exist be-

tween Dunmire and the Hannon Law Firm. Consequently, within 20 days of the date of this order, Dunmire shall serve on the United States a detailed factual showing that Dunmire is the functional equivalent of an employee of Coolidge Evergreen. In addition, within 20 days of the date of this order, Dunmire also shall serve on the United States a privilege log containing a detailed description of all materials withheld on a claim of privilege and stating specific reasons why each document or piece of information is subject to the asserted privilege.

## 2. Ex Parte Interviews of Dunmire Employees

The United States also requests an order allowing it to conduct ex parte interviews with unidentified employees of Dunmire without the prior consent of the Hannon Law Firm.

The issue is controlled by Rule 4.2 of the Colorado Rules of Professional Conduct and Formal Ethics Opinion 69. The Comment to Rule 4.2 states in relevant part:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for the purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Similarly, Formal Ethics Opinion 69 provides:

> When deciding whether or not to communicate with a current employee of an organization named as a party, which organization the lawyer knows to be represented on the subject matter of his communication, the lawyer should obtain the prior consent of the lawyer representing that organization in that matter unless the employee is or was solely a bystander witness, or unless the communication is otherwise permitted by law.
>
> A current employee is not a bystander witness if he or she has the authority to commit the organization to a position with

regard to the subject matter of the representation.

It is not apparent to me that this ethical issue properly is raised as a discovery dispute. Compliance by a lawyer with his or her ethical obligations ordinarily is a matter for the disciplinary panel. *See* D.C.COLO.LR 83.6.

Even if the issue properly is before me, I cannot make a determination of the propriety of such interviews in the abstract. First, as noted in Part 1, Dunmire has failed at this stage to make a detailed factual showing that it is the functional equivalent of an employee of Coolidge Evergreen. Thus, the question of whether Dunmire even is represented by the Hannon Law Firm is unresolved. In addition, I have not been provided with any information about the Dunmire employees the United States wants to interview ex parte. In the absence of that information I cannot determine whether the employees have managerial responsibility, whether their statements may constitute admissions, or whether they are bystander witnesses.

Accordingly, consistent with my oral rulings on December 10, 2001, and the reasoning stated here,

IT IS ORDERED that the defendants' request for the plaintiffs' property tax records from 1996 to the present is GRANTED.

IT IS FURTHER ORDERED that the defendants' request for the plaintiffs' "mortgage documents" relating to the subject real property is GRANTED IN PART and DENIED IN PART, as specified on the record. The plaintiffs shall produce deeds of trust, promissory notes, and appraisals. Loan applications need not be produced.

IT IS FURTHER ORDERED that the defendants' request for offers to purchase the subject real property is GRANTED, as specified on the record.

IT IS FURTHER ORDERED that the request of the United States for a privilege log is GRANTED. Within 20 days of the date of this order, Dunmire shall serve on the United States a detailed factual showing that Dunmire is the functional equivalent of an employee of Coolidge Evergreen. In ad-

dition, within 20 days of the date of this order, Dunmire also shall serve on the United States a privilege log containing a detailed description of all materials withheld from production on a claim of attorney-client privilege or work product immunity and stating specific reasons why each document or piece of information is subject to the asserted privilege.

IT IS FURTHER ORDERED that the request of the United States for an order allowing it to conduct ex parte interviews of unidentified employees of Dunmire is DENIED.